## RECOVERY FOR ASSAULT UPON THE MINOR SON OF PLAINTIFF.

Circuit Court of Summit County.

GOTTLIEB V. SEITZ v. AUGUST J. WITZBERGER.

Decided, April 12, 1911.

*Parent and Child—Loss of Son's Services—Wages Paid to Mother, Yet Father May Recover—Presumption as to Emancipation—Expenses of Taking Care of Injured Son—Hospital Bills.*

1. In an action by a father for loss of a minor son's services by reason of injuries inflicted upon the son by the defendant, the fact that the son, while working, paid over his earnings to his mother instead of to his father, the father, mother and son living together and constituting a single family, does not indicate that the father is not the proper party to sue for loss of earnings of the son.
2. The presumption is that a minor son living with his parents, though working for another for wages, is not emancipated.
3. A father may recover for expenses incurred for medicines, physician's services and hospital expenses made necessary in the care of his minor son, by reason of injuries inflicted upon him by the defendant.
4. The *per diem* charges of a hospital for care of minor son of the plaintiff injured by the defendant, are not to be reduced by the value of his board and lodging at home during the time he is at the hospital.

*Musser, Kimber & Huffman,* for plaintiff in error.
*C. W. May* and *A. J. Wilhelm,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

This is a proceeding in error seeking to reverse the judgment of the court of common pleas.

August J. Witzberger brought suit against Gottleib V. Seitz, claiming damages by reason of the loss of service of his minor son, Emil Oliver Witzberger, because of injuries received by the son at the hands of Seitz in an assault and battery.

Defense was made that the son was not injured and that the plaintiff was not entitled to the services of the son in any event, and that no expense had been caused, nor loss of service, by reason of the injuries inflicted upon the son by Seitz.

The trial resulted in a verdict for $400 in favor of the plaintiff below.

On motion for a new trial the court stated that the judgment would be reversed unless the plaintiff would remit $75 from the amount of the judgment. This amount was remitted and judgment entered for $325; it is here sought to reverse that judgment.

As to the question of whether the son received injuries at the hands of Seitz and thereby was unable to work for any length of time, this was submitted to the jury; the jury found that the injuries were received; that the son was thereby rendered unable to perform service, and under the evidence we are not surprised that the jury so found. It is urged, however, that the father lost nothing in the way of service of the son, who was at the time about seventeen years old, because, it is said, that the evidence shows that the wages the son earned (if he was earning wages at the time of the injury), were paid, in part at least, to his mother. This fact should have no bearing on the case. The mother seems rather to have been the treasurer of the family, and the money earned by the father, as well as by the son, was in large part, at least, paid into her hands. But even if all the son's wages had been paid into the hands of his mother instead of the hands of the father at the time he was working, so long as the father and mother lived together and the three constituted a single family, it would not indicate at all that the father was not the proper party to sue for the loss of the earnings of the son.

It is urged on the part of the plaintiff in error that since it appears that the son, who was not at the time of the trial of full

age, was then engaged in doing business on his own account, the presumption is that he was emancipated by his father before the time of this alleged injury.

This is not well taken.  The presumption is the other way. So long as the son is a minor, the presumption is that his father is entitled to his earnings.

It was sought to show on the trial that the son's injuries were probably due to some hurt received by him in the playing of foot-ball.

As already said, we are not surprised that the jury reached the conclusion that he was injured at the hands of the plaintiff in error, and that his inability to work has been the result of such injuries.  On the trial it appeared that the son was in a hospital at Cleveland for about sixty days, and the father was permitted to testify that he paid for a room and board at the hospital for his son while he was there $1.25 per day.  The only other expense which was made to appear in the evidence, to which the father was put, was some $10 or $12 for medicines and $5 paid to Dr. Lyon.  It should have been said that the petition seeks to recover not only for the loss of service of the son, but also for the expense to which the father was put by reason of the son's injuries.

The evidence as to the $1.25 per day paid at the hospital for room and board of the son was put in under the objection of the defendant below, the court ruling at the time the evidence was introduced, that this was a proper subject for compensation. But, on the motion for a new trial, the court seems to have reached a different conclusion, and to have required the remittitur of $75 from the verdict, because he thought that the father was not entitled to be reimbursed on account of this payment. On the part of the plaintiff in error it is urged that it can not be known that the jury found that the father was entitled to just $75 for this account, and that. therefore, the remittitur may not have been put upon the proper basis. and that the amount for which judgment was finally allowed may be a different amount from that which the jury would have found, but for the evidence in relation to the room and board.

It is difficult to understand how the plaintiff in error can complain in this regard. The evidence was that the son was in the hospital about sixty days at an expense of $1.25 per day. If the jury allowed for this, it is hardly possible that it could have allowed more than $75 and therefore the deduction made from the verdict by the court, when it entered judgment, must have relieved the plaintiff in error from any prejudice that he could have received by the admission of this evidence. We are of the opinion, however, that the evidence was entirely competent, and that if the father was entitled to recover at all in this case he was entitled to recover for this hospital expense. It is said that he ought not to recover for this because whether the son was injured or not, the father would have had to furnish him with board and a home, and that the duty thus imposed upon him as a father was not greater because of any injury which necessitated his being taken care of at the hospital. This reasoning is not sound. Though it is the duty imposed by law upon parents to furnish a home and board for his minor children, it is no part of his duty to furnish them a home and board at a hospital where the expenses are $1.25 a day, when such hospital service is not necessary by reason of some disability of the minor, and in this case the disability of the minor was brought about by the wrongdoing of the plaintiff in error. These people were not in circumstances such as made the expense of each member of the family for room and board $1.25 a day, at home. Every head of a family understands that probably the expenses at home would be the same whether this boy was at home or not, and that practically the room and board paid for at the hospital was just that much additional expense, caused by the injury to the boy. If the plaintiff in error thought this was too much, perhaps it would have been proper for him to have shown by the evidence what the fair expense would have been to the father to have kept the boy at his own house and thereby reduce the amount which he should recover by reason of the hospital expenses; but even if such evidence would have been admissible, it still would not render incompetent the evidence as to the hospital expenses and, in the absence of any evidence on that subject, we should not feel

warranted in reversing the case, even if the judgment included the whole amount allowed for expenses at the hospital. We suppose that the attorneys in this case and that all men who do business for others, when they are required to go from home to attend to such business, regard it as entirely legitimate that their hotel expenses shall be paid by the employer, and that none of us would regard it as a good answer against the payment of such expenses by the employer, that if the employed had remained at his home, he would have been at the expense of his board and room.

Complaint is further made that the court erred in its charge to the jury. The first statement in the charge pointed out as erroneous reads in these words:

"A parent is entitled to the services of his son, and anyone by committing an assault upon him, so that he is unable to perform any services, is liable to the parent for the service the parent has thereby lost."

It is urged that this has no application to the present case and is misleading and prejudicial to the plaintiff in error. In the brief for plaintiff in error, it is said, after quoting from the above paragraph of the court's charge:

"The jury could infer nothing else than that the parent is always and under all circumstances entitled to the services of his son, be the son a minor or a man of mature years; be he single or a married man; be he living with the parent or be he emancipated."

This criticism is not well founded. The court so instructed the jury as to what they should take as the law in this particular case.

Even if the jury understood this to mean what they surely did not understand it to mean (because they were men of some intelligence, undoubtedly), that every father was entitled to the services of every son, still it could not have affected or injured the plaintiff in error in this case. for it was this son, who was a minor and unmarried and lived with his father, to which they were to apply the law as given to them.

But, it is said, that a minor may be emancipated by the father, so that the father would not be entitled to his earnings. This is true. But there was no evidence in this case tending to show emancipation of this son at the time of this injury. The evidence all tended to show the contrary.

In *Schouler's Domestic Relations,* paragraph 267a, it is said that emancipation may be by instrument in writing or by parol agreement, or may be inferred from the conduct of the parent. That at the present day a father can verbally sell or give his minor son his time, and that after payment or performance the son is entitled to his earnings; that is, after the son has paid to his father a specified amount or has performed something on his part to be performed to entitle him to emancipation, he may be emancipated. And in speaking on this subject this language is used in the same section:

"We are to distinguish between a license for a child to go out and work temporarily and the more positive renunciation of parental rights."

And again:

"All emancipation strictly so-called, is not to be presumed; it must be proved."

There is no error in this part of the charge.

It is further charged that after stating the issues the court used this language:

"That makes the issue for you to determine, first, whether there was an assault made upon the plaintiff's son, and second, whether he has sustained any damage."

The complaint as to this is, quoting from the brief of the defendant in error:

"We believe the natural and reasonable interpretation of this paragraph from the language used is that the second issue of fact is whether the minor son has sustained any damage. If this is the meaning that the jury has taken from the charge, it is clearly not the law, and when taken in connection with the second paragraph set forth, we believe was misleading the jury to the defendant's prejudice."

This criticism is not well taken. The language fairly construed means that the second issue is whether the plaintiff has sustained any damage, and this is made clear from other parts of the charge, in which the court distinctly said that there was nothing to be taken into account but the pecuniary loss of the father. In one part of the charge this language is used:

"If you find then that this was done by the defendant to the plaintiff's son, and you further find that the plaintiff's son was injured by reason of the assault and battery perpetrated upon him by the defendant, then you may proceed to ascertain how much the plaintiff in this case has been injured.

"Now he is entitled to only compensatory damages or for the loss he has sustained by reason of the loss of his son's services.

"If you find for the plaintiff, you should award him compensatory damages. The mental suffering of the victim and his parents or the culpability of the defendant are not proper elements of the damage."

Other parts of the charge are to the same effect and make it perfectly clear that it is for the damages sustained by the father and not for any damage that the son has sustained.

Various other paragraphs of the charge are complained of, none of which we find to have been erroneous or misleading.

Attention is especially called to this language, complained of by the plaintiff in error:

"You may also award him his necessary expenses, including medicines required in treating said son, to relieve him while suffering from the injuries sustained; also for medical bills which he has paid or for which he is liable, as shown by the evidence in the case."

It is said that there was no evidence on the matter of expenses for medical bills and medicines. This is a mistake. There was evidence showing that $10 or $12 had been expended for medicines and $5 for special medical attendance, and the court took especial pains to see to it that the jury should not take into account anything in regard to medicines or attendance, or anything else, except as it appeared from the evidence in the case, and said:

"You should not go outside of the record and interject any deductions not reasonably made from the evidence and justified thereby. The testimony in the case must have furnished the data upon which you may calculate and approximately estimate the value of the services of the son in question to the plaintiff."

We regard the charge as a whole an excellent statement of the law applicable to the case, and of the rules by which the jury should be governed.

There is no error in the record of this case to justify a reversal and the judgment is affirmed.