SCHIRTZINGER, SR., APPELLANT, *v.* SCHIRTZINGER, APPELLEE.

(No. 4679—Decided February 20, 1952.)

*Mr. R. E. Hughes,* for appellant.
*Mr. Henry P. Fagan,* for appellee.

HORNBECK, P. J.  Ten errors are assigned to the judgment of the Domestic Relations Branch of the Common Pleas Court.

The court, in the judgment, found the plaintiff-appellant in contempt of court in failing to observe an order of the court for payment of $35 per month for the support of the minor daughter of the parties.

Plaintiff was in arrears in the sum of $275. The daughter had worked for six weeks and had earned $52.50, for which the court allowed plaintiff credit and required payment of the balance.

Plaintiff denied any contempt and claimed that he was relieved from obligation to observe the court order because the minor had been emancipated. He moved also for the setting aside of all former support orders and for his release from any future obligation to support his daughter.

There is no dispute as to the fact that the plaintiff was in arrears in the amount claimed. Upon a showing of such fact, the burden was on the plaintiff as to both his defense of emancipation and his motions to cancel or modify the support orders. The trial court held that he had not met this obligation of proof. In so doing, the court was supported by the evidence.

Emancipation must be proved. *Seitz* v. *Witzberger*, 18 C. C. (N. S.), 160, 32 C. D., 655, affirmed 88 Ohio St., 579, 106 N. E., 1076. The only semblance of proof of emancipation of the minor was the fact that she had for a period of time been employed and had earned some money and her room and board had been provided. At the most she was only temporarily employed. There was no proof of any intention of the mother to renounce permanently her rights as a parent. Emancipation "is a product primarily of some act or omission of the parent, and cannot be accomplished by an act of the child alone." 39 American Jurisprudence, 702, Section 64; *Roxana Petroleum Co.* v. *Cope*, 132 Okla., 152, 269 P., 1084, 60 A. L. R., 837.

Upon the motions, it was incumbent upon the plaintiff to prove a change in circumstances which required a change in the support order. The child was not employed at the time of the hearing. The mother claimed

and testified that the daughter was unable to work. The minor was not in court, and objection was made to her absence by plaintiff who insisted that he desired to have her physically examined. If plaintiff desired to prove, by a physical examination or by her presence and testimony, that the minor was able to work, he should have taken appropriate legal measures to make certain that she was in court. Plaintiff was put on notice, at an adjourned hearing two weeks before the final hearing, that she might not be present. The trial court did not deny the plaintiff the opportunity to bring the minor into court, but refused to continue the case for that purpose.

The employer of the minor testified that when she was working she was apparently in a good state of health and satisfied with her job. The employer said also that she was willing to give the daughter work, but that the mother was responsible for the child's leaving of her employment. The trial court had this testimony and had the power to weigh it and resolve it against the plaintiff, which it did.

It appears that at the time the judgment entry went on record the daughter was eighteen years and two months old. Most of the arrearage in the payment of the support money occurred before she had reached eighteen. It is urged that the court should have terminated the order upon the arrival of the daughter at the age of eighteen. This was not required under the statute or the decisions. *Mieszkalski* v. *Mieszkalski,* 44 Ohio App., 152, 184 N. E., 709.

Exception was taken to certain remarks of the court reflecting upon the conduct and morality of plaintiff. This is made the subject of grounds of error, in that it showed prejudice of the court against plaintiff and that the information upon which the statement was based must have been secured outside any

judicial proceeding in the case. The source of the information does not appear, and unless and until it affirmatively is shown that the trial judge was acting upon improper evidence it will not be presumed.

The record supports the judgment of the trial court. The amount of the support order was modest indeed. In this day of high cost of everything that a child must have, the order of $35 per month is entirely inadequate, especially where a father, as here, is well able financially to meet the payment. It is unfortunate that he can subject the defendant and her daughter to the embarrassment and financial distress of meeting legal and other expenses incident to the necessity of compelling payment of a debt long overdue.

We find no error in any of the particulars asserted in the assignment of errors.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN and MILLER, JJ., concur.