OMOHUNDRO, APPELLANT, *v.* OMOHUNDRO, APPELLEE.

(No. 82AP-350—Decided November 30, 1982.)

*Strip, Fargo, Schulman & Hoppers Co., L.P.A.,* and *Mr. John W. Hoppers,* for appellant.

*Messrs. Earl & Warburton* and *Mr. Andrew S. Adams,* for appellee.

WHITESIDE, P.J. Plaintiff Richard Omohundro appeals from a decision of the

Franklin County Court of Common Pleas, Division of Domestic Relations, finding him in contempt for failure to pay child support and raises two assignments of error, as follows:

"1. The trial court erred as a matter of law in ruling that Ohio Revised Code Section 3109.01 does not apply.

"2. The trial court erred as a matter of law in granting appellee's motion for contempt for failure to pay child support when such child is emancipated."

The divorce decree herein requires plaintiff Richard Omohundro to pay child support to defendant Agnes Omohundro in the amount of $325 per month for the three minor children in her custody, to be reduced to $250 per month when the first child becomes emancipated and to $165 per month upon the emancipation of the second child. Although the divorce was granted and support was awarded on November 2, 1973, the decree was not journalized until February 26, 1974, the parties agreeing to the delay. The decree states that the order for support shall "be effective the month of November 1973." Effective January 1, 1974, an amendment to R.C. 3109.01 reduced the age of majority from twenty-one to eighteen years.

Plaintiff ceased paying child support for the two oldest children when they became eighteen and graduated from high school. Defendant filed a "Motion for Judgment for Child Support Arrearages and for Arrearages for Repair of Residence" on seeking, amongst other things, support for the children until age twenty-one or emancipation.

The referee's report stated that: "The law prior to January 1, 1974, is being applied to this decree even though it was not placed on record until after that date by a side agreement of the parties, not contemplated by the Court." The referee further recommended a finding that:

"The first child, Kenneth, born August 2, 1959, became emancipated on August 10, 1979; the second child, Debra, born December 28, 1960, became emancipated on October 11, 1979. The third child Randall, born December 25, 1962, is not yet emancipated, and remains under the child support of $165.00 per month until age 21, unless earlier emancipated by operation of law."

Plaintiff filed objections to the referee's report, specifically objecting to applying the pre-January 1, 1974, twenty-one-year-age-of-majority rule. The objections were overruled, and the report of the referee was adopted and approved as the findings of the trial court on April 16, 1980.

Plaintiff complied with this order until September 5, 1980, when he ceased paying the $165 per month child support for the parties' youngest child, Randall.

Defendant filed a "Motion for an Order in Contempt for Failure to Pay Child Support." At the hearing thereon, the parties stipulated that "the issue of the age of majority as it is pertinent to the minor child, Randy, has been litigated and it has been determined * * * the legal age of majority for that child is 21 years of age." Plaintiff, however, claimed that Randall became emancipated when he was inducted into the Armed Services of the United States as a member of the Army Reserve, for a six-month period of active duty extending from September 5, 1980, to February 5, 1981.

The trial court adopted and approved the referee's report finding plaintiff to be in contempt for failure to pay child support and ordering plaintiff to pay arrearages in the amount of $2,558 at the rate of $100 per month in addition to the current order of support and entered judgment accordingly.

Plaintiff raises the issue of the age of majority applicable to the decree by his first assignment of error because Randall attained the age of eighteen on December 25, 1980, during his period of active duty in the Army Reserves.

The trial court in this case correctly did not apply the present provision of R.C. 3109.01 because the April 16, 1980

judgment of the trial court found the pre-January 1, 1974, twenty-one-year-age-of-majority rule to be applicable, and the parties so stipulated. Common issues or questions of fact which have actually been finally litigated in a prior proceeding between the same parties in the same case cannot be relitigated in a further proceeding between the same parties, as the parties are bound by the results of the prior determinations through the doctrine of *res judicata. Norwood* v. *McDonald* (1943), 142 Ohio St. 299 [27 O.O. 240]; *Columbus* v. *Union Cemetery* (1976), 45 Ohio St. 2d 47 [74 O.O.2d 79]. Accordingly, plaintiff's first assignment of error is not well-taken.

By his second assignment of error, plaintiff contends the trial court erred in holding that Randall was not emancipated by operation of law as a result of his six-month military service.

The meaning of the term "emancipation" was discussed by this court in the case of *Pappas* v. *Pappas* (Dec. 24, 1974), Franklin App. No. 74AP-375, unreported, wherein it is stated:

"The emancipation of a child may be effected in many ways: marriage, *entering the armed services,* leaving home, becoming employed and self-subsisting, or in any other manner in which the parent authorizes or occasions the child to remove himself from parental subjugation, control and care. See 59 American Jurisprudence 2d, Parent and Child, Section 93." (Emphasis added.)

Nevertheless, the question of when a child is emancipated by military service so as to relieve the parent from obligations of support depends upon the facts of each case. Typically, a minor who voluntarily enlists in the Armed Forces ceases to be dependent, and his parents are relieved from the necessity of incurring expense on his behalf for his support. In such cases, a finding of emancipation would be proper.

There may exist, however, circumstances wherein military duty does not change the fact of dependency, just as

there are times where a minor's engaging in business on his own or becoming employed and temporarily supporting himself will not result in an emancipation. *Seitz* v. *Witzberger* (1911), 18 Ohio C.C. (N.S.) 160, affirmed, 88 Ohio St. 579; *Bagyi* v. *Miller* (1965), 3 Ohio App. 2d 371 [32 O.O.2d 518]; *Schirtzinger* v. *Schirtzinger* (1952), 95 Ohio App. 31 [52 O.O. 372]; *Ford* v. *Ford* (1959), 109 Ohio App. 495 [26 O.O. 326].

In *Koon* v. *Koon* (1957), 50 Wash. 2d 577, 313 P. 2d 369, the Supreme Court of Washington held that, where a minor child resided with, and was supported by, his mother during the entire two-year period of his military service, the child was not emancipated by said service, and the divorced father was liable for support payments covering the period of military service.

Entry into the armed services does not operate as an automatic emancipation. Rather, emancipation is determined by the factual reality of the relationship between parent and child. The dependency of the child may or may not be affected by the entry into military service. Whether it is depends upon the circumstances, although some courts have temporarily discontinued or reduced support payments during military service even if emancipation does not occur. See *Stauffer* v. *Stauffer* (1965), 4 Ohio App. 2d 339 [33 O.O. 2d 395]. See, also, Annotation, 20 A.L.R. 2d 1414.

Temporary support from another source followed by resumption of support by the parent does not necessarily constitute emancipation since some act of the parent constituting permanent renouncement of parental rights or inconsistent with continuation thereof is a prerequisite to emancipation. See *Schirtzinger, supra.*

In the instant case, the referee's conclusion (adopted by the trial court) that Randall was not emancipated was based on the following finding of fact:

"Randy entered the Reserves for the purpose of a drug rehabilitation program and to finish high school. Although he was

in Fort Sill for the majority of the period in question, he was also in his mother's residence for four to five days in the fall, from December 14th to January 4th, and for several days in the latter part of January. Although his room and board were furnished by the Army, Mrs. Omohundro bought him clothing, and furnished transportation for him, as well as providing support for him in the way of food and shelter while he was home. Since February 5, 1981, Randy has continuously resided with his mother, is not employed, but does receive $82.50 per month from the Reserves. He is still dependent upon his mother for shelter, food, clothing and transportation to get to Army Reserve meetings three times a month. He has worked two or three times a month helping a friend at a gas station but no proof of any earnings was established.

"The Referee finds that Randy is not presently emancipated and was not emancipated during the time he participated in the Army Reserve Drug Rehabilitation Program."

The foregoing finding of the referee as to the short tenure of Randall's active military duty, its purpose being drug rehabilitation, and his continued dependency upon his mother during such period are uncontroverted by the record. Therefore, the finding of the trial court that Randall was never emancipated is not manifestly against the weight of the evidence since it is supported by competent, credible evidence. *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. Accordingly, plaintiff's second assignment of error is not well-taken.

For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and MOYER, JJ., concur.