OPINION
Defendant-appellant James M. Richard, Jr. appeals from a judgment rendered by the Mahoning County Common Pleas Court, Juvenile Division, which adopted the magistrate's decision overruling appellant's motion to emancipate his minor child. For the following reasons, the trial court's judgment is affirmed.
 STATEMENT OF THE FACTS
Appellant and appellee Celesta McCartney were married on May 3, 1975 in Youngstown, Ohio. They had two children, Brian and Daniel Richard.
On February 15, 1985, the marriage was terminated pursuant to a divorce decree issued in Pennsylvania. Appellant was ordered to make monthly child support payments. Subsequently, Brian, the older son, was emancipated. He is not involved in this action.
On July 22, 1997, the trial court modified the prior child support order. The modified order terminated child support for Brian and continued the obligation with regard to Daniel. The order was to "remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full time basis any accredited high school."
On October 15, 1998, Daniel reached the age of nineteen while still a senior in high school. Appellant filed a motion to emancipate and terminate child support. He claimed that Daniel became emancipated once he reached age nineteen. The magistrate filed a decision overruling appellant's motion. The decision stated that the prior support order was effective until Daniel graduated from high school.
Appellant objected to the magistrate's decision. The trial court overruled his objections and adopted the magistrate's decision as its own. This appeal followed.
 ASSIGNMENT OF ERROR NUMBER ONE
Appellant sets forth two assignments of error on appeal. His first assignment of error alleges:
 "THE TRIAL COURT ERRED BY FAILING TO TERMINATE APPELLANT'S CHILD SUPPORT OBLIGATION UPON THE EVENT OF HIS SON'S NINETEENTH BIRTHDAY AS MANDATED UNDER SECTIONS 3103.03(B), 3103.031 AND 3109.05(E), OHIO REVISED CODE, AS AMENDED."
 LAW AND ANALYSIS
When the July 22, 1997 child support order was issued, R.C.3109.05(E) provided:
 "Notwithstanding section 3109.01 of the Revised Code [which establishes eighteen as the age of majority], if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school. Any parent ordered to pay support under a child support order issued under this section shall continue to pay support under the order, including during seasonal vacation periods, until the order terminates."
However, in 1997, the General Assembly amended this section with the enactment of Am.Sub.H.B. No. 352, effective January 1, 1998. Now, R.C. 3109.05(E) provides in pertinent part:
 "* * *, if a court issues a child support order under this section, the order shall remain in effect beyond the child's eighteenth birthday as long as the child continuously attends on a full-time basis any recognized and accredited high school or the order provides that the duty of support of the child continues beyond the child's eighteenth birthday. Except in cases in which the order provides that the duty of support continues for any period after the child reaches age nineteen, the order shall not remain in effect after the child reaches age nineteen. * * *." (Emphasis added).
If we read this statute to mean that child support automatically continues until the child completes high school, we would have to presume that Am.Sub.H.B. No. 352 is a manifestation of the legislature's intention to enact superfluous language. To the contrary, it is clear that the legislative intent of this statute was to provide for child support up to, but not beyond age nineteen as long as the child remains in high school. Regardless of whether the child remains in school, an obligation to pay child support can only continue beyond the child's nineteenth birthday if the order expressly provides such.
In this case, the order issued July 22, 1997 required appellant to pay child support beyond Daniel's eighteenth birthday as long as he remained in school. It did not order appellant to pay support for Daniel beyond his nineteenth birthday. Therefore, under the current version of R.C. 3109.09(E), appellant's child support obligation would have ended on October 15, 1998, Daniel's nineteenth birthday. Appellant argues that the current version of this statute should apply as it was in effect at the time he filed his motion to emancipate and terminate child support. However, for the purpose of determining the applicable law, the date on which the child support order was issued rather than the date appellant filed his motion controls. See Wiest v. Wiest (March 10, 2000), Darke App. No. 1498, unreported. It is thus necessary to determine whether the statute, as it existed on July 22, 1997 applies, or whether the current version applies retroactively to child support orders issued prior to the amendment.
Section 28, Article II of the Ohio Constitution provides that "the General Assembly shall have no power to pass retroactive laws * * *." However, Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively and those that do so in a manner that offends our Constitution. Bielat v. Bielat (2000), 87 Ohio St.3d 350, 353. The test for unconstitutional retroactivity is divided into two parts. First, the court must determine whether the General Assembly expressly intended the statute to apply retroactively.Id. If so, the court must then determine whether the statute is substantive as opposed to remedial. Id. If the statute is substantive, it is unconstitutionally retroactive. Id. If it is merely remedial, it does not offend the Ohio Constitution. Id. An inquiry as to whether a statute is remedial or substantive can only be made after the threshold finding that the legislature intended the statute to apply retroactively. Id.
In Swanson v. Swanson (1996), 109 Ohio App.3d 231, 235, the Court of Appeals held that R.C. 3109.09(E) is remedial rather than substantive as it merely provides a remedy for the enforcement of the child support obligation. As such, the court determined that the statute could be applied retroactively without offending the Constitution. Id. Swanson, however, failed to address the first prong of the two part test for determining whether a statute is unconstitutionally retroactive. Even if we assume arguendo that Swanson was correct in its determination that R.C. 3109.09(E) is remedial in nature, the General Assembly did not expressly intend the statute to apply retroactively. There is no language in the statute that indicates a desire on the part of the legislature for the law to apply retroactively. Thus, it fails the first prong of the two-part test. As such, R.C.3109.09(E), as amended by Am.Sub.H.B. No. 352 can only be applied to child support orders issued on or after January 1, 1998, the effective date of the statute.
Because R.C. 3109.09(E) as amended cannot apply retroactively, we must apply that statute as it existed at the time the child support order was issued. That version of the statute did not contain a cut-off age for children attending high school. As such, appellant's obligation to pay child support to appellee for Daniel continued until Daniel graduated. Therefore, appellant's first assignment of error is without merit.
 ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error alleges:
 "THE TRIAL COURT ERRED BY FAILING TO DECLARE THAT THE PARTIES' OFFSPRING, DANIEL RICHARD, WAS AN EMANCIPATED ADULT."
There is no bright-line standard for determining whether a child has become emancipated. In making such a determination, courts must evaluate the unique facts and circumstances of each case. Powell v. Powell (1996), 111 Ohio App.3d 418,425. "The emancipation of a child may be effected in many ways: marriage, entering the armed services, leaving home, becoming employed and self-subsisting, or in any other manner in which the parent authorizes or occasions the child to remove himself from parental subjugation, control and care." Id. The burden of proving that the child is emancipated lies with the party seeking relief from a support order. Id.
Appellant's brief consists of five, convoluted sentences attempting to explain his position on this assignment of error. He stated that there was neither legal basis nor jurisdiction for the trial court to declare that Daniel was not an emancipated adult. However, appellant has produced no evidence to support his contention that Daniel was emancipated when he reached age nineteen. As such, he has failed to meet his burden. Appellant's second assignment of error is found to be without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
COX, P.J., dissents.
DONOFRIO, J., concurs.