OPINION
This is an appeal from the Holmes County Court of Common Pleas.
The Assignments of Error before this court are as follows :
I.
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS HIS INDICTMENT THAT CHARGED HIM WITH NONSUPPORT OF DEPENDENTS UNDER ORC 2919.21(B) WHEN THE COURT DETERMINED THAT THE AMOUNT OF CHILD SUPPORT AS SET BY THE COMMONWEALTH OF PUERTO RICO SUPERIOR COURT IN A UNIFORM RECIPROCAL ENFORCEMENT OF SUPPORT ACT (URESA) ACTION WAS NOT ENTITLED TO FULL FAITH AND CREDIT BY HOLMES COUNTY, OHIO, COURT OF COMMON PLEAS.
II.
 THE TRIAL COURT ERRED IN FINDING THAT THE SUPERIOR COURT IN PUERTO RICO LIMITED ITSELF TO MODIFYING THE AMOUNT OF THE OHIO SUPPORT ORDER THAT IT WOULD ENFORCE AND THAT PUERTO RICO DID NOT MODIFY THE OHIO ORDER.
III.
 THE TRIAL COURT ERRED BY NOT DETERMINING THE OHIO SUPPORT ARREARAGE, TAKING INTO CONSIDERATION THE INTERIM EMANCIPATION OF ONE OF APPELLANT'S CHILDREN.
IV.
 THE TRIAL COURT ERRED BY REQUIRING APPELLANT TO PAY "ALL CHILD SUPPORT OBLIGATIONS" AS A CONDITION OF PROBATION WITHOUT DEFINING WHETHER IT INCLUDED SUPPORT ARREARAGES OR ESTABLISHING THE AMOUNT OF THE SAME.
V.
 COUNT II OF THE INDICTMENT SHOULD BE DISMISSED AS PLAIN ERROR BECAUSE THE BILL OF PARTICULARS THAT REPLACED IT DID NOT CONTAIN SIMILAR ALLEGATIONS.
 STATEMENT OF FACTS
The facts in this case are that appellant, Jesus T. Camacho, a native of Puerto Rico, married Mary Jane Pyers in 1976.
Such marriage produced two children, Theresa L. Camacho (D.O.B. 10/1/77) and Carlos A. Camacho (D.O.B. 9/28/83).
Such parties were divorced in Holmes County, Ohio on October 11, 1990.
The decree provided payment of child support of $332.93 per month for both children including $50.00 per month on the arrearage of $514.99 plus 2 percent poundage.
After appellant left Holmes County and returned to Puerto Rico, a Uniform Reciprocal Enforcement of Support Action (URESA) was filed and referred to such Commonwealth.
The court in Puerto Rico initially reduced the monthly support for the two children to $42.30 on April 29, 1992, but, thereafter at another hearing held on August 31, 1994, increased such support to $100.00 per month for both children.
Appellant was indicted in Holmes County, Ohio on March 18, 1999 for violating R.C. § 2919.21(B).
Following arrest on such indictment, appellant paid the $3,100.00 arrearage on the Order of Support issued previously by the court in Puerto Rico.
The Holmes County Child Support Enforcement Agency claimed an arrearage of $31,000.00 under the prior Holmes County Order in support of the Affidavit.
A Motion to Dismiss the indictment was filed on May 15, 2001 based upon the following:
 The basis for said motion is that the State of Ohio and the Holmes County Child Support Enforcement Agency have previously failed to give full faith and credit to the orders of the General Court of Justice of the Commonwealth of Puerto Rico that modified the original support orders of the Holmes County, Ohio, courts.
 The further basis for this motion is that the State of Ohio and the Holmes County Child Support Enforcement Agency have failed to terminate Defendant's child support for Theresa Camacho whose date of birth is 10-1-77, and whose support order thus ended October 1, 1995, or upon her graduation from West Holmes High School, approximately June 1, 1996.
 This Motion is also based upon the State's Bill of Particulars received by defense counsel April 24, 2001 which said Bill of Particulars now takes the place of the indictment.
Appellant made the following stipulation relative to the Bill of Particulars:
 The State's Bill of Particulars is accepted by Defendant insofar as it is a correct recitation of the orders of the Common Pleas Court of Holmes County and of the various modifications of the same under Ohio's and Puerto Rico's Uniform Reciprocal Enforcement of Support Act.
Appellant, however, maintained that by payment of the arrearage under the Puerto Rico Order and continued compliance therewith, he was not subject to the indictment.
The Motion to Dismiss was denied.
A plea of no contest was entered and sentencing followed.
 I., II.
Appellant, in his brief, presents arguments simultaneously in support of Assignments of Error One and Two as does the State and we shall also address these Assignments of Error jointly.
Ohio Revised Code § 2919.21:
 (B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.
* * *
 (G)(1) Except as otherwise provided in this division, whoever violates division (A) or (B) of this section is guilty of nonsupport of dependents, a misdemeanor of the first degree. If the offender previously has been convicted of or pleaded guilty to a violation of division (A)(2) or (B) of this section or if the offender has failed to provide support under division (A)(2) or (B) of this section for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive, then a violation of division (A)(2) or (B) of this section is a felony of the fifth degree. If the offender previously has been convicted of or pleaded guilty to a felony violation of this section, a violation of division (A)(2) or (B) of this section is a felony of the fourth degree. If the offender is guilty of nonsupport of dependents by reason of failing to provide support to the offender's child as required by a child support order issued on or after April 15, 1985, pursuant to section 2151.23, 2151.231 [2151.23.1], 2151.232 [2151.23.2], 2151.33, 3105.21, 3109.05, 3111.13, 3113.04, 3113.31, or 3115.31 of the Revised Code, the court, in addition to any other sentence imposed, shall assess all court costs arising out of the charge against the person and require the person to pay any reasonable attorney's fees of any adverse party other than the state, as determined by the court, that arose in relation to the charge.
The primary argument of appellant is that Holmes County was required under the Full Faith and Credit of Child Support Orders Act (FFCCSOA)28 USCA 1738(B) and Article 2 Section 28 of the United States Constitution to accept the modifications of support issued in the Orders of Puerto Rico after it had received the URESA proceedings from Ohio.
Appellee responds that Puerto Rico modified the order for enforcement only not as a jurisdictional modification of the Ohio Order.
We find that, while States, including the Commonwealth of Puerto Rico, must give Full Faith and Credit to the legal actions taken by other States, such issue is not involved in the case sub judice.
Section 27, Part III of the URESA enacted by the Legislature of Puerto Rico and included, without objection, in the record as an attachment to the brief of appellee in opposition to the Motion to Dismiss specifically provides:
 Section 27 — Application of payments — Any order of support, issued by the court of Puerto Rico when acting as a responding state shall not supercede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant either order shall be credited against amounts accruing or accrued for same period under both.
Therefore, by the statutory enactment of such Commonwealth, orders of its Courts in enforcement of URESA proceedings do not supercede or alter support orders of initiating States and the question of failure to comply with the Full Faith and Credit obligation did not arise.
Appellant remained obligated under the Ohio Order but credit for payments made in Puerto Rico were mandated to such Holmes County Order.
An abuse of discretion assertion is not applicable under these Assignments of Error.
Therefore, Assignments of Error One and Two are not well taken as appellant remained subject to the support order of Holmes County, Ohio, but entitled to credit for payments in Puerto Rico.
 III., IV.
The Third Assignment of Error raises the issue of non-responsibility of support for Theresa L. Camacho due to emancipation at age 18, the Fourth Assignment of Error questions the condition of probation requiring payment of all support obligations and the Fifth Assignment of Error attacks the Bill of Particulars as to its language compared to count two of the Indictment.
While appellant's obligation to support his oldest child may have been subject to modification, as stated in Powell, n.k.a. Tomer v. Powell
(1996), 111 Ohio App.3d 418:
 Whether child is emancipated, so as to relieve parent from obligation of support, depends upon particular facts and circumstances of each individual case. Id. at headnote 7.
 Party seeking relief from child support order bears burden of proving that child is emancipated. Id. at headnote 8.
 In determining whether child is emancipated for child support purposes, unique facts and circumstances of each case must be evaluated.
 Id. at headnote 9.
Other cases on such issue, had it been raised by appropriate motion, are Price v. Price (1983), 12 Ohio App.3d 42 and In Re: Owens (also a 2nd Dist. Case) 96 Ohio App.3d 429, Howard v. Howard (1992), 80 Ohio App.3d 832.
Also, the plain general language of support obligations as raised in Assignment Four was not raised at the hearing.
Our review on appeal is limited to those matters of record which were before the trial court. State v. Ishmail (1978), 54 Ohio St.2d 4.
We therefore, also reject the Third and Fourth Assignments of Error.
 V.
The Fifth Assignment of Error relates to the third paragraph of the Motion to Dismiss which asserts that the Bill of Particulars replaces the Indictment. Apparently, the issue being raised is that the Bill of Particulars, which was not amended prior to the plea of no contest, did not contain information as to count two of the indictment, the non-support period of March 1, 1997 through February 28, 1999.
While this argument is inconsistent with those as to the First Assignment of Error and paragraphs one and two of the Motion to Dismiss, we disagree.
As stated in State v. Lewis (1993), 85 Ohio App.3d 29:
 Bill of particulars cannot cure defects in indictment; rather, purpose of bill of particulars is merely to provide greater detail to accused of nature and cause of charge against him or her, not to provide missing pieces in indictment.
 Whether bill of particulars provides greater detail to charge contained in indictment is matter left to sound discretion of trial judge.
 Therefore the Bill of Particulars, if deficient and subject to a Motion for more particularized detail, does not replace the language of a non-deficient indictment.
Further, State v. Avery (1998), 126 Ohio App.3d 36 holds:
 Claim by defendant that indictment and bill of particulars were misleading was not preserved, and review of claim would proceed under plain error rule, where defendant did not object to indictment during trial or request more specific bill of particulars. Rules Crim.Proc., Rules 12(b, G), 52.
 Plain error does not exist unless it can be said that, but for the error, the outcome of the trial would clearly have been otherwise. Rules Crim.Proc., Rule 52(B).
 Purpose for giving a bill of particulars is to elucidate or particularize the conduct of the accused, but not to provide the accused with specifications of evidence or to serve as a substitute for discovery.
Clearly, plain error does not exist as the outcome was not affected.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Holmes County, Ohio, is affirmed. Costs to appellant.
Hon. Julie A. Edwards, P.J. Hon. W. Scott Gwin, J. Hon. John F. Boggins, J. concur.