DECISION AND JUDGMENT ENTRY
This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, judgment that awarded visitation rights to Jimmy R. Rideout, defendant below and appellee herein.
Janet Rideout, plaintiff below and appellant herein, raises the following assignments of error for review:
FIRST ASSIGNMENT OF ERROR:
 "THE COURT DID NOT HAVE STATUTORY AUTHORITY UNDER R.C. 3109.051(A) AND 3109.051(D) TO GRANT THE NONRESIDENTIAL PARENT'S MOTION TO ESTABLISH PARENTING TIME AFTER THE COURT HAD MADE A PRIOR JUDICIAL DETERMINATION AND ORDER THAT DID NOT PERMIT THE NONRESIDENTIAL PARENT PARENTING TIME IN RELIANCE UPON THE TERMS OF THE PARTIES' SETTLEMENT AGREEMENT THAT PARENTING TIME WITH THAT PARENT WAS NOT IN THE CHILD'S BEST INTEREST IN ACCORDANCE WITH R.C. 3109.051(A) AND R.C. 3109.051(F)(1)."
SECOND ASSIGNMENT OF ERROR:
 "THE COURT SHOULD HAVE LIMITED THE SCOPE OF THE HEARING ON APPELLEE'S MOTION TO ESTABLISH PARENTING TIME IN LIGHT OF THE PARTIES' SETTLEMENT AGREEMENT EXECUTED AT THE TIME OF THE DIVORCE WHILE REPRESENTED BY COUNSEL, IN WHICH APPELLEE AGREED TO THE TERMINATION OF HIS RIGHT TO PARENTING TIME."
THIRD ASSIGNMENT OF ERROR:
 "THE COURT[`S] DECISION TO GRANT APPELLEE'S MOTION TO ESTABLISH VISITATION VIOLATED THE APPELLANT'S SUBSTANTIVE CONSTITUTIONAL DUE PROCESS RIGHTS PROTECTED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION."
FOURTH ASSIGNMENT OF ERROR:
 "IF THE COURT HAD STATUTORY AUTHORITY IN ACCORDANCE WITH R.C. 3109.051(A) TO DETERMINE APPELLEE'S MOTION TO ESTABLISH VISITATION, THE COURT FAILED TO CONSIDER ALL THE FACTORS SET FORTH IN R.C. 3109.051(A)."
FIFTH ASSIGNMENT OF ERROR:
 "THE COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION."
On April 4, 1989, the parties married. One child, Jessica, was born as issue of the marriage on January 28, 1993. On April 23, 1999, the parties divorced. The divorce decree incorporated an agreement between the parties. Pursuant to the parties' agreement, the decree ordered that appellee would not be granted visitation until further order of the court. The decree did not terminate appellee's parental rights.
On February 3, 2000, appellee filed a motion to establish visitation. The trial court held a hearing to consider appellee's motion, and on June 22, 2001, awarded appellee visitation privileges.
In its entry, the trial court specifically found that appellant's testimony regarding her claim that appellee "pushed the child down the stairs" not credible. The court also noted that despite appellant's and appellee's problems relating to each other, no testimony was presented to establish "that the child was a victim of any of the violence which occurred between [appellant] and [appellee]." The court also noted that the guardian ad litem recommended that appellee be granted supervised visits. Appellant filed a timely notice of appeal.
Initially, we note that appellant has failed to separately argue her assignments of error as App.R. 16(A) requires. App.R. 12(C)(2) permits an appellate court to disregard an assignment of error if the party fails to argue the assignment separately in the brief. We will, nevertheless, consider all of appellant's arguments.
In Braatz v. Braatz, 85 Ohio St.3d 40, 1999-Ohio-203, 706 N.E.2d 1218, paragraphs one and two of the syllabus, the Ohio Supreme Court set forth the standard for modifying visitation rights:
 "1. Modification of visitation rights is governed by R.C. 3109.051.
 "2. The party requesting a change in visitation rights need make no showing that there has been a change in circumstances in order for the court to modify those rights. Pursuant to R.C. 3109.051(D), the trial court shall consider the fifteen factors enumerated therein, and in its sound discretion shall determine visitation that is in the best interest of the child."
In In re Carpenter, Washington App. No. 01 CA 26, 2002-Ohio-509, unreported, we discussed appellate review of a trial court's decision regarding parental visitation rights as follows:
"The determination of parental rights to visitation is within the sound discretion of the trial court. Miller v. Miller (1988), 37 Ohio St.3d 71,73-74, 523 N.E.2d 846; Appleby v. Appleby (1986), 24 Ohio St.3d 39,492 N.E.2d 831; Powell v. Powell (1996), 111 Ohio App.3d 418, 422,676 N.E.2d 556. An abuse of discretion involves more than an error of judgment; it implies an attitude on the part of the court that is unreasonable, unconscionable, or arbitrary. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135,137-138; Berk v. Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
"The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record. Trickey v. Trickey (1952), 158 Ohio St. 9,13, 106 N.E.2d 772. Thus, an appellate court must be guided by a presumption that the findings of the trial court are correct, since the trial court is in the best position to view the witnesses and weigh the credibility of the proffered testimony. In re Jane Doe 1,57 Ohio St.3d at 138. Thus, `the discretion which a trial court enjoys in custody matters should be accorded the utmost respect.' Pater v. Pater (1992),63 Ohio St.3d 393, 396, 588 N.E.2d 794."
Pursuant to R.C. 3109.051(D), a trial court must consider the following factors when determining whether to grant parenting time:
"(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;
"(2) The geographical location of the residence of each parent and the distance between those residences, and if the person is not a parent, the geographical location of that person's residence and the distance between that person's residence and the child's residence;
"(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;
"(4) The age of the child;
"(5) The child's adjustment to home, school, and community;
"(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;
"(7) The health and safety of the child;
"(8) The amount of time that will be available for the child to spend with siblings;
"(9) The mental and physical health of all parties;
"(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, and with respect to a person who requested companionship or visitation, the willingness of that person to reschedule missed visitation;
"(11) In relation to parenting time, whether either parent previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether either parent, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; and whether there is reason to believe that either parent has acted in a manner resulting in a child being an abused child or a neglected child;
"(12) In relation to requested companionship or visitation by a person other than a parent, whether the person previously has been convicted of or pleaded guilty to any criminal offense involving any act that resulted in a child being an abused child or a neglected child; whether the person, in a case in which a child has been adjudicated an abused child or a neglected child, previously has been determined to be the perpetrator of the abusive or neglectful act that is the basis of the adjudication; whether either parent previously has been convicted of or pleaded guilty to a violation of section 2919.25 of the Revised Code involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding; whether either parent previously has been convicted of an offense involving a victim who at the time of the commission of the offense was a member of the family or household that is the subject of the current proceeding and caused physical harm to the victim in the commission of the offense; and whether there is reason to believe that the person has acted in a manner resulting in a child being an abused child or a neglected child;
"(13) Whether the residential parent or one of the parents subject to a shared parenting decree has continuously and willfully denied the other parent's right to parenting time in accordance with an order of the court;
"(14) Whether either parent has established a residence or is planning to establish a residence outside this state;
(15) In relation to requested companionship or visitation by a person other than a parent, the wishes and concerns of the child's parents, as expressed by them to the court;
"(16) Any other factor in the best interest of the child."
In the case at bar, we find no abuse of the trial court's discretion. Nor is the trial court's judgment against the weight of the evidence, as appellant suggests. We note that an abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. In re Jane Doe 1 (1991),57 Ohio St.3d 135, 566 N.E.2d 1181; and Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1, supra; Berk v. Matthews
(1990), 53 Ohio St.3d 161, 559 N.E.2d 1301. Furthermore, when an appellate court reviews evidence presented in a trial court, the appellate court must not re-weigh the evidence. See C.E. Morris v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578; Vogel v.Wells (1991), 57 Ohio St.3d 91, 566 N.E.2d 154. An appellate court should not substitute its judgment for that of the trial court when there exists competent, credible evidence going to all the essential elements of the case. In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,416 N.E.2d 1273, the court wrote:
 "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
See, also Davis v. Flickinger, 77 Ohio St.3d 415, 1997-Ohio-260,674 N.E.2d 1159, in which the Ohio Supreme Court noted that in child custody cases, trial court decisions should be awarded great deference because the trier of fact had the opportunity to observe all of the witnesses and to weigh witness credibility.
Our review of the record in the case sub judice reveals that the trial court carefully reviewed the facts before it and applied the facts to the above factors. Moreover, the court explicitly found that appellee has never acted violently to the child, and that appellant's testimony regarding her claim that appellee pushed the child down stairs is not credible.
Although the court noted that Jessica is fearful, the court determined that supervised visits would help to minimize the child's fear. The court also noted that in view of the fact that appellee had no contact with his child for over two years, the child's best interests would be served by progressing slowly with visitation. Thus, given the trial court's limited visitation order, we fail to see how the trial court abused its discretion.
Appellant's argues that the trial court lacked the authority to modify the agreement between the parties incorporated into the divorce decree. We disagree. We believe that the trial court possessed jurisdiction to consider and to decide issues relating to the child, including parental visitation.
Appellant's argument that the trial court violated her due process rights by awarding appellee visitation rights likewise is without merit. Appellant's argument appears to be based upon the premise that the divorce decree terminated appellee's parental rights. We disagree with appellant's interpretation of the divorce decree.
Accordingly, based upon the foregoing reasons we overrule appellant's assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
Harsha, J. Evans, J.: Concur in Judgment Opinion