## WYNN v. WYNN.

Ohio Appeals, 9th Dist., Lorain Co.

No. 441. Decided May 4, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

883. PARENT & CHILD—769. Minors.

Court cannot require father to support his minor son in college, after such son is past compulsory school age and has had all and more education than is required under compulsory school age law.

Error to Common Pleas.

Judgment reversed.

Baird, Vandermark & Butler, Elyria, for plaintiff in error.

F. M. Stevens and C. J. Maple, Elyria, for defendant in error.

### STATEMENT OF FACTS

In 1912 plaintiff in error, as plaintiff below, obtained a divorce in the Common Pleas Court of this county from the defendant in error, as defendant below, for her aggression, and was given the custody and care of their minor son, Clifford Wynn, although he was then only five years of age.

In 1916, by some amicable arrangement between the parties, the custody and care of the boy was changed and an order of court put upon the journal giving his custody and care to the mother, in which order and decree no mention was made as to who was to maintain and support the boy.

The boy went to school and graduated from the Oberlin high school in June, 1925, and notwithstanding the fact that his custody and care was given to the mother, the father contributed liberally to his support and maintenance, and the boy lived with the father much of the time. The father assisted him not only through high school but also through one year in college and offered to assist him to continue in college, when for reasons not necessary to discuss, the boy did not accept what the father offered and went to work on his own account, and did not go to college during the school year beginning in the fall of 1926. The father thereafter assumed other obligations and declined to further assist the boy to go to college.

The mother then filed a motion about Sept. 1, 1927, to require the father "to pay a reasonable amount for the support and maintenance of his minor son, the child of the parties hereto," which was heard and sustained on Oct. 8, 1927. Motion for new trial was duly filed and overruled, and the case is here on error, seeking to reverse that order and judgment, which reads, in part, as follows:

"It is therefore ordered, adjudged and decreed that plaintiff pay for the support and maintenance of Clifford Wynn the following: Thirty Dollars ($30.00) per month, first payment to be made this day (September 26, 1927), and each 26th day of the month hereafter up to and including May 26, 1928. In addition thereto not in excess of Two Hundred Dollars ($200.00), for educational purposes upon presentation of bills for the same. All of the above provisions are contingent upon said Clifford Wynn continuing his attendance at John Carroll University at Cleveland, Ohio."

## FUNK, J.

"It is contended that the order and judgment was given for the defendant when the same should have been given for plaintiff; that it is contrary to law, and that the court erred in overruling the motion for new trial.

It appears from the record that the father owns a comfortable home, and there is evidence to the effect that this son was always welcome in that home, where a room was provided for him; and for aught that appears in this record, the father has ever been ready and willing to support his son in the home whenever he desired to be there.

The record further discloses that this minor son was 20 years old on Oct. 25, 1927, and was, at the time of the hearing below concerning his support, earning about $65 per month. There is no claim that he was sick or disabled in any way or unable to work and earn a living the same as any other 20-year-old boy.

From a reading of the record and the opinion of the court below, which is made a part of the record, the order and judgment of the court, as it appears in the journal entry, is substantially an order to pay a definite amount to support a 20-year-old minor son in college, who is admittedly able to work and support himself—as the order and judgment is wholly upon condition that he attend a designated college; there being no order for his support if he does not attend said college.

The sole question at issue in this case is whether or not the court, having jurisdiction of the custody and care of this minor in the divorce case, can require the father to support this 20-year-old minor son in college after he is past the compulsory school age and has had all and more education than is required under the compulsory school age law.

We find no law requiring a parent to send a minor child to college. While it is a laudable act on the part of a parent to send his child to college, especially where such child has the desire to go and the ability to profit by it, we know of no law substituting the judgment of the court for that of the parent as to whether or not the parent shall send his child to college after such child has had more education than the compulsory school law requires and the child is past the compulsory school age. The question of the mere support of this minor is not presented by this record, as it discloses that the father had a comfortable home where this minor was welcome whenever he desired to be there.

Applying the above-mentioned laws and rules to the undisputed facts in this case—the legislature having established a compulsory school age and provided that when a child has graduated from a first grade high school that it shall not be required longer to attend school—we are of the opinion that the order and judgment of the court below is contrary to law, and the same is therefore reversed and final judgment entered in favor of the plaintiff below.

An entry may be prepared accordingly."
Washburn, PJ., and Pardee, J., concur.