## CAMPBELL v CAMPBELL

Ohio Appeals, 8th Dist, Cuyahoga Co

No 14892. Decided Dec 9, 1935

George E. Beach, Cleveland, for plaintiff in error.

J. Paul Thompson, Cleveland, and John M. Harris, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and McCURDY, JJ, (4th Dist) sitting by designation.

### OPINION

By MIDDLETON, PJ.

This proceeding was submitted to the court on the briefs of opposing counsel; none of whom were present in court when the cases were called. It is sufficient, we think, for all purposes, to announce briefly the conclusions the court has reached on the various matters presented in the briefs. The court has reached the conclusion that the decree for divorce entered in the Court of Common Pleas in favor of the defendant in error must be and is affirmed by this court. We further find that the exceptions of the plaintiff in error to the finding of facts and conclusion of law made by the trial court at his request should be overruled for two reasons:

First: Such finding is sufficient to meet all the necessary demands of the plaintiff in error, and

Second: The plaintiff in error has wholly failed, so far as the record discloses, to follow the provisions of rule ten of the Court of Appeals of this state in making his demand for such finding.

It is not clear from the record that the son of the contesting parties who, the record shows, was over the age of eighteen years at the time of the trial of the case, has ever been given an opportunity to select

whom of his two parents he desires should be awarded his custody. It necessarily follows that the trial court in giving the custody of said son to the mother made an order not supported by law and for that reason such order must be set aside for the present. §8033 GC.

It further appears from the decree of the trial court that the order directing the sum of $1300 to be placed by the Clerk of Courts in the hands of the mother must be set aside, and all orders in the decree which make and include any allowance to be paid by the plaintiff in error to the mother for the maintenance, support and education of said son must be set aside and in the future it is the conclusion of this court that no money should be assessed against the husband for the education of the son, as the father is no longer legally liable for any support of that character. **Wynn v Wynn. 6 Abs 450.** The record shows further that the son had graduated from a credited high school.

The case is returned to the Court of Common Pleas for further proceedings according to the finding and judgment of this court.

BLOSSER and McCURDY, JJ, concur in judgment.