FORD, APPELLEE, *v.* FORD, APPELLANT.

(No. 555—Decided April 3, 1959.)

*Mr. James H. De Weese,* for appellee.
*Messrs. McCulloch, Felger & Fite,* for appellant.

CRAWFORD, J.  The parties herein were divorced on June 27, 1950.  The wife, plaintiff, appellee herein, was given custody of the two minor children, and the husband, defendant, appellant herein, was ordered to pay $25 per week for their support.

The defendant appeals on questions of law the action of the Court of Common Pleas on August 26, 1958, in overruling his motion to reduce the order and in sustaining plaintiff's motion to increase it.

In the light of substantially increased earnings of the husband, the questionable health of the wife, and wide-spread in-

flation, this increase appears to be a reasonable one, provided the court had authority to make such order.

The action of the court is challenged on two grounds: (1) That Larry Ford, the son of the parties, who was 17 years of age at the time of the hearing, had been emancipated; and (2) that the father cannot be compelled to pay for his son's college education.

The son lives with the mother. He was graduated from high school on May 15, 1958, the very day upon which defendant filed the motion for reduction. He had been employed part time for two summers, during which he had earned approximately $600 and saved $400 thereof toward a college education. He had also won a small incidental music scholarship. While not entirely free from physical defect, he was apparently able to work. But at the time of the hearing he was unemployed, and despite persistent efforts had been unable to find employment. The plaintiff mother worked regularly.

The question as to when a child is emancipated so as to relieve the parent from obligations of support may depend upon the circumstances of each case. Hence it would serve no useful purpose to review precedents in detail. In our opinion, the facts stated do not constitute an emancipation, nor do we find any contrary decision on similar facts. See 30 Ohio Jurisprudence, 573, Parent and Child, Section 25.

But even if a child has been emancipated, if he thereafter becomes unable to support himself, the parents' duty to support him revives. 30 Ohio Jurisprudence, 602, Parent and Child, Section 50.

It is quite true, as defendant contends, that it has been declared to be the law in Ohio that a college education is not included among the necessaries which a parent is legally required to furnish. 30 Ohio Jurisprudence, 608, Parent and Child, Section 54; *Wynn* v. *Wynn,* 6 Ohio Law Abs., 450; *Campbell* v. *Campbell,* 20 Ohio Law Abs., 605.

It will be observed that in each of these cases cited the court attempted to order payment expressly for college education or education beyond high school. In our present case, however, the purpose of the order was declared to be simply for "the support of the children." There is no reference to education.

The only provision for college education which we find in the record is the $400 which the son had saved from his own earnings, and the expressed hope of the struggling mother to be able to help him.

The fact that this young man is ambitious and considered on all sides to be of college caliber will not disqualify the mother from continuing to receive payments for "the support of the children" as ordered.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and KERNS, J., concur.