**MITCHELL, Plaintiff-Appellee, v. MITCHELL, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24719. Decided May 7, 1959.

Alto W. Brown, for plaintiff-appellee.
H. Vincent E. Mitchell, for defendant-appellant.

(DOYLE, PJ, STEVENS and HUNSICKER, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By HUNSICKER, J.

This is an appeal on questions of law from a judgment entered upon a motion to modify an order for the support of minor children. This order was a part of a decree of divorce granted May 4, 1953, to Deborah H. Mitchell (now Deborah H. Thayer). The order for support of the minor children of the parties was included in the divorce decree as an agreement of the parents, which agreement was approved by the Judge who presided at the divorce hearing.

The original order of support, based upon an agreement of the parents executed January 3, 1953, provided among other things for a payment of $300.00 a month for their five minor children. From this sum $50.00 a month was to be deducted for insurance premiums; this insurance, on the life of H. Vincent Mitchell, is pledged to secure the payments for support.

The trial judge, on the hearing of the motion filed by Mrs. Thayer to modify the order of support determined that:

"The defendant shall pay to the plaintiff the sum of Four Hundred Dollars ($400.00) per month for the support of said minor children, said payment to be paid on the 1st of each month in advance for the succeeding month;

"The defendant shall also pay the medical and dental expenses for said minor children in excess of Ten Dollars ($10.00), after notice is first given the defendant of such need, except in the case of an emergency; The defendant shall pay to the plaintiff the sum of five Hundred Dollars ($500.00) per year, payable at the beginning of the college year, for each of the minor children of these parties electing to metriculate (sic) in any accredited college, but no one child shall be entitled to more than four (4) years of payments.

"The defendant to pay the cost of this proceeding."

From the judgment entered on the motion to modify, H. Vincent Mitchell lodged an appeal to this Court, saying:

"1. The Court was without jurisdiction to order the defendant to contribute the sum of $500.00 per year per child for a college education.

"2. The Court erred in finding that there were changed conditions justifying an additional award of $100.00 a month for the support of the five minor children where the record was devoid of evidence of such changed conditions and the Court thereby committed an abuse of discretion.

"3. The Court erred in finding that there was evidence to justify an order compelling the defendant to pay for medical, dental and hospital bills in excess of $10.00 per illness per child where no evidence of changed conditions existed and the Court thereby committed an abuse of discretion.

"4. The Court erred and committed an abuse of discretion in entering on the 27th day of September, 1958, Findings of Fact and Conclusions of Law which were not supported by any evidence."

From our examination of the bill of exceptions, we conclude that there was sufficient evidence to justify the trial Judge in his finding that there was a change of conditions which authorized the increase in the monthly order of support and the order for medical expense. With respect to the order of payment for college for each child who desires to attend college, we believe the trial Judge exercised a power not granted to him by the law of Ohio.

It must be remembered herein that the original agreement of support dated January 3, 1953, and later incorporated into the divorce decree dated May 4, 1953, did not provide for a college education for these children. The members of this Court believe it would be a fine thing for these children to attend college but that is a matter of voluntary action on the part of the parents and not something which the present law of this state (in the absence of agreement) can compel or order.

We do not interpret the holding in the case of **Robrock v. Robrock, 167 Oh St 479, 150 N. E. 2d, 421,** to mean that a trial court in the exercise of its equity powers under §3105.21 R. C., may order, in the absence of an agreement of the parties, a college education for their children, which will in most instances extend that portion of their support beyond minority. The Robrock case, supra, interpreted the law with reference to rights granted by agreement of the parties. We do not understand that the rule set out in **Thiessen v. Moore, 105 Oh St 401, 137 N. E. 906,** and **Miller v. Miller, 154 Oh St 530, 97 N. E. 2d 213,** with respect to the support of children beyond their minority is changed by the enactment of §3105.21 R. C., or by the holding in Robrock v. Robrock, supra. We adhere to the statement contained in the opinion in the case of **Wynn v. Wynn, 6 Abs 450,** wherein the court said:

"We find no law requiring a parent to send a minor child to college. While it is a laudable act on the part of a parent to send a child to college, especially where such child has the desire to go and the ability to profit by it, we know of no law substituting the judgment of the court for that of the parent as to whether or not the parent shall send his child to college after such child has had more education than the compulsory school law requires and the child is past the compulsory school age."

Although we do not base the conclusion reached herein upon a finding of the present inability of Mr. Mitchell to meet all of the payments ordered by the trial Court, we do believe that in respect to his physical condition, the additional order for the payment of a college education to each child is not justified by the evidence.

It is the conclusion of this court that that part of the judgment herein of the trial court, which orders a payment for a college education for each of the children of H. Vincent Mitchell who desire to attend college, should be reversed, but as to all other parts of the judgment under review herein the judgment is affirmed.

It is therefore ordered that a journal entry be prepared modifying

the judgment of the trial Court in conformity with this opinion and that as modified the judgment be affirmed. The cause will be remanded to the Court of Common Pleas for execution and for further proceedings according to law.

Judgment affirmed in part and reversed in part. See journal entry with exceptions noted.

. DOYLE, PJ, STEVENS, J, concur.