PRICE, APPELLEE, *v.* PRICE, APPELLANT.

(No. 1082—Decided October 27, 1983.)

Messrs. *Brumbaugh, Engelken, Worster & Amick* and Mr. *Randall E. Breaden,* for appellee.

Messrs. *Goubeaux & Goubeaux* and Mr. *James J. Goubeaux,* for appellant.

KERNS, J. This appeal stems from a divorce action. On August 7, 1971, a decree of divorce was granted to Maryella Jane Price, and at the time, a separation agreement, executed on November 21, 1970, was approved by the trial court and made a part of the divorce decree. Among other things, the separation agreement provided as follows:

"Willard Kendall Price agrees to pay as support for the above named children the sum of Ninety ($90.00) Dollars per month until they are 21 years of age or emancipated, whichever is earlier * * *."

At the time of the execution of the separation agreement, Maryella and Willard K. Price had two children, Michael and Michelle, but upon motion,

Michael was subsequently removed from the force of the support order. Then, on September 2, 1982, the defendant-appellant, Willard Price, filed a motion requesting that the trial court terminate support for Michelle on the ground that she had graduated from high school, had attained her eighteenth birthday, and was "emancipated" under the terms of the separation agreement. This motion was overruled by the Court of Common Pleas of Darke County, and the judgment entered upon the denial of the termination request provides the basis for the present appeal to this court.

The first assignment of error has been set forth by the appellant as follows:

"On the facts presented at trial, the finding of the trial judge that the child of the parties is not emancipated is contrary to the manifest weight of the evidence and clearly erroneous under the law of the State of Ohio."

Ordinarily, emancipation alludes to the freeing of a minor child from parental control (*Schirtzinger* v. *Schirtzinger* [1952], 95 Ohio App. 31 [52 O.O. 372]), and in *Ford* v. *Ford* (1959), 109 Ohio App. 495 [12 O.O.2d 67], which has some characteristics similar to those of the present case, this court, at page 496, recognized that the question as to when a child is emancipated so as to relieve a parent from the obligation of support depends upon the particular facts and circumstances of each case.

Here, the facts disclose that Michelle graduated from Tri-Village High School in June 1982 and is now enrolled at Edison State College, where she is pursuing credit for twelve academic hours. Michelle lives in a home with her maternal grandmother and is paid small amounts for her work around the house, but she has no income outside the home.

The appellant bought Michelle an automobile so that she could travel to Edison State College for classes, and he gave her fifty dollars to purchase gasoline. Michelle's food, clothing, and other expenses are paid for by the ap-pellee, Maryella Price, and Michelle's mother and grandmother paid her college tuition. At the time of the decree, Michelle was eighteen years of age.

Upon the evidence presented herein, the court of common pleas had firm support for its finding that Michelle was not emancipated within the meaning of the separation agreement, as incorporated into the divorce decree, and as a whole, the record provides no basis for the argument that the judgment of the trial court was against the manifest weight of the evidence. Compare, *Bagyi* v. *Miller* (1965), 3 Ohio App. 2d 371 [32 O.O.2d 518]; *Schirtzinger* v. *Schirtzinger, supra; Ford* v. *Ford, supra.* It is fundamental, of course, that judgments supported by some credible evidence will not be reversed by a reviewing court as being against the manifest weight of the evidence (*C. E. Morris Co.* v. *Foley Construction Co.* [1978], 54 Ohio St. 2d 279 [8 O.O.3d 261]), and the first assignment of error is overruled.

The second assignment of error, as stated by the appellant, is as follows:

"The finding of the trial judge that the child of the parties did not become legally emancipated upon her eighteenth birthday is clearly erroneous and contrary to the law of the State of Ohio."

In support of this alleged error, the appellant contends that the lowering of the age of majority from twenty-one years to eighteen years by the General Assembly in 1974 required a finding of statutory emancipation in this case, but as may be noted from the language of the separation agreement, the terminal date was twenty-one years of age or until such time as Michelle was emancipated, and neither of those terminal dates had been reached at the time of the entry of the decree in the court of common pleas. See *Mieszkalski* v. *Mieszkalski* (1932), 44 Ohio App. 152.

However, the argument of the appellant is vulnerable for a more cogent reason in that the statutory change in the age of majority operates prospectively

only and does not affect the provisions of pre-1974 support decrees. *Nokes* v. *Nokes* (1976), 47 Ohio St. 2d 1 [1 O.O.3d 1]. In the present case, the divorce decree was entered on August 7, 1971, and the second assignment of error is overruled.

Finding neither of the alleged errors well made, the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

BROGAN, P.J., and WEBER, J., concur.