## In re LIVINGSTON.

[Cite as *In re Livingston* (1996), 115 Ohio App.3d 613.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70430.

Decided Nov. 18, 1996.

---

*Matthew G. Harris,* for appellant.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Lynne A. Yohe,* Assistant Prosecuting Attorney, for Cuyahoga Child Support Enforcement Agency.

*Raymond Livingston, pro se.*

---

O'DONNELL, Judge.

Margaret Livingston appeals the decision of the Cuyahoga County Common Pleas Court, Juvenile Division, wherein the court dismissed, for lack of jurisdiction, her complaint for child support.

On September 27, 1995, the state of Ohio, Cuyahoga Child Support Enforcement Agency, ex rel. Margaret Livingston (hereafter "Livingston") filed a complaint against Raymond Livingston seeking present and past child support from

September 1989, for their child James Livingston. At the time Livingston filed this complaint, James Livingston was eighteen years old.

In January 1996, a juvenile court magistrate ruled that because James Livingston turned eighteen before Livingston filed her complaint, the juvenile court no longer had jurisdiction to determine child support. Livingston filed an objection to the magistrate's decision, but on February 23, 1996, the juvenile court overruled her objection and approved the magistrate's decision. Livingston now appeals and assigns the following as error for our review:

"The juvenile court erred in ruling that the juvenile court was without jurisdiction to determine child support arrearages due the appellant, the mother of an adult child, 18 years old."

Livingston contends the juvenile court erred in dismissing her complaint because the court had jurisdiction to determine the arrearages even though the child was not a minor when the child support complaint was filed. Livingston cites *Park v. Ambrose* (1993), 85 Ohio App.3d 179, 619 N.E.2d 469, in support of her appeal. No appellee's brief has been filed in this matter.

The issue for our consideration is whether the juvenile court has jurisdiction to hear and determine a child support complaint filed after the child reaches the age of majority.

R.C. 2151.23 governs the jurisdiction of the juvenile court and provides:

"(B) The juvenile court has original jurisdiction under the Revised Code:

" * * *

"(4) To hear and determine an application for an order for the support of any child, if the child is not a ward of another court of this state."

Critical to this jurisdictional statement is the term "child," which is defined in R.C. 2151.011:

"(B) As used in this chapter:

"(1)(a) 'Child' means a person who is under eighteen years of age * * *."

Accordingly, the trial court has original jurisdiction to hear and determine an application for an order for the support of any person who is under eighteen years of age.

In this case, Livingston filed an application for an order for the support of James Livingston, a person over eighteen years of age. Therefore, the juvenile court did not possess jurisdiction to hear the application pursuant to R.C. 2151.23.

We have considered the reasoning of the court in *Park v. Ambrose, supra,* wherein the court determined that the juvenile court had jurisdiction to award child support retroactive to a child's date of birth in paternity proceedings

brought more than twenty years after the child was born. The court concluded that because the juvenile court had jurisdiction to determine the parentage action, it therefore had authority to make provisions for support in its parentage judgment.

We conclude that the holding in *Park* does not apply to the issue in this case for two reasons. First, the court in *Park* found jurisdiction to order support pursuant to its jurisdiction over a parentage action. In contrast, the application for an order of support filed by Livingston in this case did not constitute a parentage action to determine a parent child relationship, but rather a complaint for child support only. Second, the clear language of R.C. 2151.23, the statute conferring jurisdiction on the juvenile court, provides that the juvenile court has jurisdiction to hear applications for support of any child, but a person over the age of eighteen is not a child for purposes of R.C. Chapter 2151.

In accordance with the foregoing, the juvenile court did not possess jurisdiction to hear and determine an application for an order of support for a person over eighteen years of age. Therefore, the trial court properly dismissed the complaint and the assignment of error is overruled.

*Judgment affirmed.*

JAMES D. SWEENEY, P.J., and DYKE, J., concur.