OPINION
Appellant, Douglas Hollaender ("Father"), appeals a decision of the Warren County Court of Common Pleas, Juvenile Division, ordering him to pay lump sum child support to appellee, Stacie Marie Hollaender ("Stacie"), his emancipated daughter.
Stacie was born on November 30, 1979, to Father and Dana Hollaender ("Mother"). Mother and Father were later divorced in Hamilton County Domestic Relations Court. In March 1996, Mother and Father filed an agreed entry with the Warren County Juvenile Court granting Father sole custody of Stacie and terminating his prior support obligation. Under the terms of the entry, Mother incurred no child support obligation.
Three months later in June 1996, Father filed two unruly complaints against Stacie in the same court. The first complaint alleged that Stacie was habitually absent from school and was disobedient by leaving home without permission. The second complaint contained two counts. The first, theft, alleged that Stacie stole from Father a candlestick valued at $100. The second count alleged that she failed to subject herself to the reasonable control of her father by refusing to live with him. Father also alleged that Stacie had a drug and alcohol problem.
Pending a hearing on the complaints, the trial court released Stacie into her mother's care. Stacie ultimately admitted the allegations in the complaints and was admonished by the trial court. In a September 1996 decision, the trial court permanently released Stacie into her mother's care. Thereafter, until her eighteenth birthday, Stacie remained in her mother's custody, except for the time she spent in juvenile detention and living at Talbot House.
In July 1996, Stacie, while a minor, filed a motion through her attorney to establish support. The trial court conducted two hearings to determine the incomes of Stacie's mother and father. At the second of these hearings, Father advised the trial court that he had been designated Stacie's sole residential parent pursuant to the prior agreed entry and that this legal designation had never changed. Based on this representation, the trial court delayed making a child support order until it could hold a hearing to determine who in fact had custody of Stacie. However, the trial court failed to hold a hearing on the custody issue, and subsequently failed to rule on the child support motion. On November 30, 1997, Stacie was emancipated as she turned eighteen years old and was no longer attending school.
In April 1998, Stacie filed another motion with the trial court, requesting a lump sum order for child support. At this time, the trial court realized that it had never ruled on Stacie's first motion to establish support. The trial court then held a hearing to determine Stacie's parents' incomes for the period in question. The trial court determined that Father's average yearly income during this period was $188,866, and that Mother's average yearly income for the same period was $5,000. Pursuant to the child support guidelines, the trial court ordered Father to pay lump sum support of $19,014.85 directly to Stacie.[1] The trial court also ordered Father to pay an additional sum to reimburse the state for support Stacie received while Mother was on public assistance. Father appeals from this decision, raising two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ORDERED APPELLANT TO PAY A LUMP SUM CHILD SUPPORT ARREARAGE EVEN THOUGH APPELLANT WAS THE RESIDENTIAL/CUSTODIAL PARENT OF RECORD AND NO CHILD SUPPORT ORDER WAS IN EFFECT.
 Father does not contest the trial court's order directing him to reimburse the state for funds expended for Stacie's benefit, but only disputes the child support award made in Stacie's favor. Father first contends that the parties' agreed entry, which designated him Stacie's residential parent and legal custodian, relieved him of his child support obligation. Father argues that this designation precludes the trial court from ordering him to pay child support, in spite of the undisputed fact that Stacie resided with him only for three months before the trial court again placed Stacie in Mother's care.
In March 1996, Mother and Father filed an agreed entry with the trial court which designated Father Stacie's custodial parent. This entry also terminated Father's child support obligation. Three months later in June 1996, Father filed two unruly complaints against Stacie. In its final disposition of the unruly complaints, the trial released Stacie into Mother's custody.
Upon a finding that a child is unruly, the juvenile court is given broad authority to make orders concerning the child, including the authority to issue a custody order placing the child with either parent. R.C. 2151.354; R.C. 2151.353(A). The trial court did in fact exercise this authority, and after Stacie's arraignment determined that Stacie would temporarily live with Mother. Later, in its final disposition of the unruly charges, the trial court maintained this parenting arrangement, releasing Stacie into Mother's custody.
 The trial court's custody determination arising out of the unruly charge terminated Father's previous status as residential parent. Father, as the non-custodial parent, remains responsible for the financial support of his daughter. R.C. 3103.03; Viox v. Metcalfe (Mar. 2, 1998), Clermont App. No. CA97-03-026, unreported, at 5-6. In the present case, the trial court had exclusive jurisdiction to determine the motion for support, since the request arose out of its decision on the unruly charges, was not ancillary to any other proceeding, and Stacie was not a ward of any other court. R.C. 2151.23(A).
Father has a legal duty to support his child, regardless of his dislike of her behavior. Although the agreed entry designated Father Stacie's legal and custodial parent, the trial court changed this designation in its disposition of the unruly charge. The trial court placed Stacie in Mother's custody, and Father remains liable for Stacie's support.
The first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT ACCEPTED JURISDICTION TO HEAR AND ORDER A CHILD SUPPORT ARREARAGE TO BE PAID TO AN INDIVIDUAL WHO HAD ALREADY OBTAINED THE AGE OF MAJORITY AND WAS NOT ATTENDING OR ENROLLED IN AN ACCREDITED PROGRAM OR HIGH SCHOOL.
 In his second assignment of error, Father contends that the trial court lacked jurisdiction to award child support to Stacie after she was emancipated.
Pursuant to R.C. 2151.23(B)(4), the juvenile court has original jurisdiction to hear and determine an application for an award of support for a child, if the child is not a ward of another court. The revised code defines "child" as a person under the age of eighteen. R.C. 2151.011. A juvenile court therefore lacks jurisdiction to hear and determine a request for child support filed after a child reaches the age of majority. R.C. 2151.23; Inre Livingston (1996), 115 Ohio App.3d 613, 614.
 Although Stacie was over the age of eighteen at the time she filed her second motion to establish support, she initially requested that the trial court establish a support order in July 1996, when she was still a minor. The motion for support arose out of the trial court's disposition of the unruly charges filed by Father, placing the issue squarely within the trial court's jurisdiction. The fact that the trial court failed to timely consider Stacie's first motion does not operate to relieve Father of his legal and moral duty to support his daughter. The trial court did not err by awarding child support, after the child's emancipation, when the request for support was properly made prior to the child's emancipation.
 Father also contends that it was improper for the trial court to order that the child support be paid to Stacie. However, Father points to no statutory authority or case law which indicates that it is inappropriate to award child support directly to a child. When awarding child support pursuant to R.C. 2151.23(F)(2), the juvenile court is directed to follow the mandates of R.C. 3109.05, which makes no reference to whom child support should be paid. R.C. 3109.05 contains no requirement that support be paid only to a parent, or a prohibition against awarding support to a child.
Father cites Park v. Ambrose (1993), 85 Ohio App.3d 179, at footnote 1, for a "troublesome" problem: whether a trial court exceeds its authority by awarding back child support to a mother and her emancipated, adult daughter. In Park, this issue arose in a paternity action, which is governed by a specific set of statutes unrelated to the present facts. Father fails to state that the court ultimately resolved the issue by affirming the child support award to the adult daughter. If any conclusion is to be drawn from Park and applied to the present case, it is that a court may award back support to an emancipated child, even if the issue is "troublesome."
While an award of child support made payable to the child is unusual, we find that Father was in no way prejudiced by the order to pay support directly to Stacie. As previously stated, Stacie filed the original motion to establish support. In Ohio, a parent has a statutory and common law duty to support his child. In reDissolution of Marriage of Lazor (1991), 59 Ohio St.3d 201, 202; R.C. 3103.03. By Father's admission, he made no support payments during the time that Mother had custody of Stacie after June 1996. Father is responsible for Stacie's support, no matter who the ultimate recipient is.
The only person who may have been prejudiced by the court's order is Mother, the potential child support obligee prior to Stacie's emancipation. However, the record reflects that Mother was properly served with Stacie's motion and did not respond. In effect, Mother acquiesced to Stacie's motion to collect the support which may have been payable to her.
Appellant's second assignment of error is overruled. Judgment is affirmed.
 _______________ VALEN, J.
POWELL, P.J., and YOUNG, J., concur.
[1] At no time has Mother requested that a child support order issue in her favor for the time she was Stacie's custodian.