DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Nicholas Abramovich, has appealed from the order of the Summit County Court of Common Pleas that denied his request to terminate child support for his child, Libby. This Court affirms.
Appellant and appellee, Kathleen Smyers, were married on September 18, 1971. Three children were born of this marriage: Karen, born September 30, 1976; Libby, born April 29, 1980; and Gregory, born July 16, 1983. On June 4, 1990, the parties entered into a separation agreement. On July 17, 1990, the court entered a decree of dissolution and incorporated the separation agreement into the dissolution decree.
On October 25, 1999, appellant moved for termination or modification of child support for Karen and Libby. On January 13, 2000, a hearing on the matter was held before a magistrate. At the hearing, the parties agreed that child support for Karen had been terminated when she turned twenty-one. With respect to appellant's motion to terminate child support for Libby, the magistrate found that Libby was not yet emancipated, and therefore, the motion should be denied. On February 2, 2000, appellant filed objections to the magistrate's decision. On February 11, 2000, appellee replied to appellant's objections. On May 17, 2000, after reviewing the magistrate's decision, appellant's objections, and appellee's response, the trial court denied appellant's motion to terminate child support for Libby. Appellant timely appealed and has raised one assignment of error for review.
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED TO THE PRJUDICE OF APPELLANT WHEN IT DENIED APPELLANT'S MOTION TO TERMINATE THE APPELLANT'S SUPPORT OBLIGATION FOR THE PARTIES' DAUGHTER LIBBY DUE TO HER REACHING THE AGE OF EIGHTEEN AND HER GRADUATION FROM HIGH SCHOOL.
In his sole assignment of error, appellant has argued that the trial court erred in denying his motion to terminate child support for his daughter Libby. In support of his argument he has alleged that Libby had become emancipated when she turned eighteen and graduated from high school and therefore, pursuant to the separation agreement, child support should have been terminated. This Court disagrees.
The separation agreement provides as follows for support of the children of the marriage:
 Both Husband and Wife hereby agree that Husband shall pay to the Wife a total of $1,552.00 per month, as monetary support payments for the minor children. Said monetary child support payments shall continue until each child respectively, either attains the age of 21 years, or when each child otherwise becomes emancipated[.]
Appellant has argued that because Libby is eighteen and has graduated from high school she is emancipated, and child support should be terminated.
This Court reviews the trial court's determination that Libby is not an emancipated adult under an abuse of discretion standard. Tovar v. Tovar
(Nov. 10, 1993), Cuyahoga App. No. 63933, unreported. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The party seeking termination of child support bears the burden of proving the emancipation of the child. Bagyi v. Miller (1965),3 Ohio App.2d 371, 373. Emancipation is the freeing of a minor child from parental control. Price v. Price (1983), 12 Ohio App.3d 42, paragraph one of the syllabus. The determination as to when a child is emancipated so as to relieve a parent from the obligation of support is dependent upon the individual facts and circumstances of each case. Id.
"The term `emancipation' should not be considered as being synonymous with the term `majority.'" Pappas v. Pappas (Dec. 24, 1974), Franklin App. No. 74AP-375, unreported. "There are a number of ways in which the emancipation of a child may occur; (sic.) marriage, enlisting in the armed services, leaving home, becoming employed and self-subsisting, or any other manner indicative of the relinquishment of parental control and support." Tovar, supra, citing Omohundro v. Omohundro (1982),8 Ohio App.3d 318.
Several courts have held that when a child is enrolled in college or a military academy and the facts and circumstances surrounding that family situation indicate that there has not been a renunciation of the parent's right to care or custody of the child, the child is not emancipated. SeeHoward v. Howard (1992), 80 Ohio App.3d 832; Price v. Price (1983),12 Ohio App.3d 42; Tovar, supra.
The facts in this case are strikingly similar to those presented in the aforementioned cases. Libby is a full-time college student. Appellant and appellee pay for nearly all of Libby's expenses including, but not limited to, tuition, room, and board. Libby lives on campus but returns to her mother's home during the summer and on breaks. She works part-time in a public service related area as a requirement to maintain her scholarship. There is no indication that appellee has renunciated her right to the care and custody of Libby; nor is there any evidence that would indicate that Libby has taken affirmative steps to release herself from parental control. Therefore, this Court cannot find that the trial court erred in finding that Libby was not emancipated and, accordingly, denying appellant's motion for termination of child support.
Appellant's assignment of error is without merit and is hereby overruled.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
___________________________ DONNA J. CARR
SLABY, J., CONCURS, BAIRD, P. J. CONCURS IN JUDGMENT ONLY.