JOURNAL ENTRY AND OPINION
Defendant-appellant, Janis D. Hall, appeals the decision of the Cuyahoga County Court of Common Pleas, Domestic Relations Division, which granted the motions of plaintiff-appellee, William E. Hall, to terminate spousal and child support and granted appellant's motion for sanctions but denied appellant's motion to show cause. Appellant assigns five assignments of error for our review. For the reasons stated below, we affirm in part and reverse in part.
 I. STATEMENT OF THE CASE
Appellant and appellee were married in 1966 and four children were born as issue of the marriage. The parties were divorced on June 26, 1991. Pursuant to the judgment entry of divorce, appellee was ordered to pay spousal support in the amount of $1,530 per month to appellant and $600 per month per minor child in child support. The divorce decree provided that spousal support shall be paid, subject to further order of Court, until Defendant's death or remarriage.
On June 1, 1995, appellant and appellee entered into an agreed judgment entry whereby appellee agreed to pay $26,000 in spousal support arrearage. Pursuant to the agreed judgment entry, appellee's spousal support obligation was increased to $2,200 per month and appellee agreed to pay $1,275 per month in child support for James, the remaining unemancipated child, until the child graduates or otherwise becomes emancipated.
On March 7, 1996, eight months after the parties' agreement, appellee filed a motion to modify spousal support because his employment had been terminated and a motion to terminate or modify child support because the parties' youngest child had become emancipated. On March 10, 1997, appellant filed a motion to show cause and for attorney fees regarding appellee's failure to pay spousal support as of December 1996. On May 9, 1997, appellee filed a motion to terminate spousal support because appellant was cohabiting with another man.
The trial court held a hearing regarding the parties' motions on May 27, 1997 and September 8, 9 and 10, 1997. On April 7, 1999, the magistrate issued a decision with findings of fact and conclusions of law granting appellee's motions to terminate spousal and child support.[1] The magistrate also granted appellant's motions to show cause and for sanctions.
Appellant subsequently filed preliminary and supplemental objections to the magistrate's decision. On February 29, 2000, the trial court overruled appellant's objections to the magistrate's decision. The trial court modified the magistrate's decision, however, holding that appellant's motion to show cause was denied, rather than granted, and then approved the magistrate's decision as modified.
Appellant timely appealed, raising five assignments of error for our review.
 II. FIRST ASSIGNMENT OF ERROR
Appellant's first assignment of error states:
 I. THE TRIAL COURT ABUSED ITS DISCRETION IN TERMINATING THE SPOUSAL SUPPORT OBLIGATION OF MR. HALL ABSENT EVIDENCE THAT MS. HALL REMARRIED.
In her first assignment of error, appellant contends that the trial court erred in terminating spousal support payments from appellee. Appellant first asserts that the trial court was without jurisdiction to terminate spousal support based upon her cohabitation with Richard Evans because the judgment entry of divorce provided that said support alimony shall be paid, subject to further order of Court, until Defendant's death or remarriage, and did not contain a provision that allowed the trial court to terminate spousal support based upon cohabitation. Appellant also contends that even if the trial court had jurisdiction to terminate spousal support based upon cohabitation, there was no evidence that she was cohabiting with Evans and, therefore, the trial court abused its discretion in terminating spousal support on this basis. We disagree.
Courts are authorized to modify awards of spousal support pursuant to R.C. 3105.18(E), which provides:
 If a continuing order for periodic payments of money as spousal support is entered in a divorce * * *, the court that enters the decree of divorce * * * does not have jurisdiction to modify the amount or terms of the * * * spousal support unless the court determines that the circumstances of either party have changed and unless one of the following applies:
 (1) In the case of a divorce, the decree * * * contains a provision specifically authorizing the court to modify the amount or terms of * * * spousal support. (Emphasis added.)
Here, the judgment entry of divorce specifically provided that spousal support shall be paid, subject to further order of Court, until Defendant's death or remarriage. Accordingly, the judgment entry specifically authorized the trial court to modify the amount or terms of the spousal support payments prior to appellant's death or remarriage.
Modification of a spousal support order requires the domestic relations court to first determine whether there has been a change in the circumstances of either party. If it finds a change in circumstances, it must then determine whether spousal support is still necessary and, if so, in what amount. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609,613, citing Bingham v. Bingham (1983), 9 Ohio App.3d 191.[2] A change in circumstances includes, but is not limited to, any increase or involuntary decrease in the parties' ages, salaries, bonuses, living expenses, or medical expenses. This court cannot disturb the trial court's judgment absent a showing of an abuse of discretion. Kucmanic, supra at 612, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144; Shanley v. Shanley (1989), 46 Ohio App.3d 100. That is, appellant must establish that the trial court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 214, 219.
Here, the trial court found that the circumstances of both appellant and appellee had changed sufficiently to justify a modification of spousal support: 1) appellant was cohabitating with her fiance, Richard Evans; and 2) appellee was unemployed. Appellant argues that the trial court erred in concluding that she was cohabitating with Evans. We disagree.
Cohabitation means to assume obligations equivalent to marriage, including support. Gillespie v. Gillespie (June 30, 1994), Cuyahoga App. No. 65518, unreported, citing Taylor v. Taylor (1983), 11 Ohio App.3d 279. Whether a party is cohabitating is a question of fact for the trial court and cannot be overturned if supported by competent, credible evidence. Gillespie, supra, citing Fuller v. Fuller (1983), 10 Ohio App.3d 253.
Our review of the record comports with the trial court's findings that appellant and Evans lived together, had mutually assumed the duties and obligations usually manifested by married people and were financially interdependent. Appellant testified that she and Evans purchased a home in Chagrin Falls, Ohio in October 1994. Evans lived there alone until appellant moved into the home in June 1995. Evans paid the $1,000 monthly mortgage on the property until July 1996, when appellant paid off the mortgage with the proceeds from the sale of the marital home.
Appellant testified that Evans paid for landscaping and snowplowing at the property; she paid for the food, newspapers, and telephone service. Evans paid the electric bill and the property taxes.
Appellant testified that she and Evans lived together as boyfriend and girlfriend and that she was engaged to be married to him. She testified further that she did Evans' laundry and some cooking for him and that Evans usually paid when they went out together socially.
Appellant testified that she was employed as director of sales at Evans Printing Company, a company owned by Richard Evans. She testified that she began working at Evans Printing in 1990 at an annual salary of $15,000 and, after seven years at the company, her annual salary was $18,200. Appellant testified further that Evans Printing provided her with a car and paid for her CPA.
On this evidence, the trial court did not abuse its discretion in concluding that appellant was cohabitating with Evans. Further, the trial court did not err in determining that spousal support was no longer necessary. Cohabitation is grounds for [modifying] spousal support only if the cohabitation has an impact on the cohabitating spouse's economic situation. Gillespie, supra. Here, it was apparent that appellant's relationship with Evans enhanced appellant's economic situation. As the trial court stated:
 * * * Defendant has a continuing relationship with Richard Evans, her fiance, and they have assumed responsibilities and obligations of a married couple. The Defendant testified that she decided not to have the ceremonial marriage because of her obligations with her grandmother and her sister, who are ailing or aging, and because of problems with the children. The Magistrate finds nonetheless, that she continues to live with her fiance in a state of marriage where she shares household expenses with her fiance, and has sex in the home with her fiance. The Magistrate finds reason to modify spousal support where Defendant receives benefits from her present cohabitation.The Magistrate further finds the Defendant could seek other employment outside of her relationship which could increase her current income of $18,200 annually. The Magistrate finds Defendant's income is determined by her fiance, the owner of the company for which she serves as sale director.
 The Defendant testified she had no plans for marriage for the remainder of 1997. The Magistrate finds that based upon the foregoing, the Defendant is able to support herself on her present resources and income.
 Therefore, spousal support both in equity and in law should terminate. The Defendant made a choice not to marry because of certain personal obligations; however, this did not prevent her from continuing to live in the home and receive all of the financial benefits, the conveniences and the benefits of marriage, but not suffer the consequences of terminating the relationship with the Plaintiff. As a result, the Magistrate recommends that spousal support terminate * * *.
Appellant correctly asserts, however, that the trial court erred in modifying spousal support effective July 1, 1995, the date appellant began living with Evans, rather than March 7, 1996, the date appellee filed his motion to modify spousal support. An order modifying a decree as to spousal support may be made retroactive to the date of the filing of the motion for modification. Merkle v. Merkle (1996),115 Ohio App.3d 748, 754. The trial court erred, therefore, in making its order terminating spousal support retroactive to July 1, 1995, rather than March 7, 1996, when appellee filed his motion to modify. Accordingly, appellant's first assignment of error is sustained with regard to this issue and the matter is remanded to the trial court to correct the judgment entry and calculate appellee's spousal support obligation terminating March 7, 1996.
Appellant's first assignment of error is sustained in part and overruled in part.
 III. SECOND AND THIRD ASSIGNMENTS OF ERROR
Appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN TERMINATING THE SPOUSAL SUPPORT OBLIGATION OF WILLIAM HALL PURSUANT TO OHIO REVISED CODE SECTION 3105.18.
Appellant's third assignment of error states:
 III. THE TRIAL COURT ERRED IN FINDING THAT MR. HALL'S ANNUAL INCOME IS THREE THOUSAND DOLLARS ($3,000).
Our resolution of appellant's first assignment of error, finding that the trial court properly modified the award of spousal support to appellant, renders appellant's second and third assignments of error moot and, therefore, we need not address them. See App.R. 12(A)(1)(c).
 IV. FOURTH ASSIGNMENT OF ERROR
Appellant's fourth assignment of error states:
 IV. THE TRIAL COURT ERRED IN TERMINATING THE CHILD SUPPORT OBLIGATION OF MR. HALL EFFECTIVE JULY 1, 1995.
On June 1, 1995, appellant and appellee entered into an agreed judgment entry which provided as follows: The plaintiff shall pay child support in the amount of $1,275 per month plus poundage effective 6/1/91, until the child graduates or otherwise becomes emancipated.
On March 7, 1996, appellee filed a motion to modify and/or terminate child support for James on the basis that James was emancipated and had failed to graduate from high school in June 1995 and again in December 1995, after repeating courses in the Fall semester.
The trial court adopted the following findings of fact and conclusions of law by the magistrate:
 The plaintiff motions the court to emancipate James in that the child no longer lives with the Defendant, and in that the child is nineteen years old, having failed to graduate as anticipated in June and again in December of 1995. The Plaintiff filed the motion to terminate on March 7, 1996. The magistrate finds that James, born September 1, 1976, was nineteen and six months old at the time the motion was filed. The defendant testified that James did not live with her in the Chagrin Falls property; he lived in the Miles Road property in Solon, Ohio until it was sold in June, 1996. The defendant moved to Chagrin Falls with her fiance during the summer of 1995 when James was almost nineteen. The magistrate finds upon her move the child was living on his own. The child was employed at the age of nineteen, and he never graduated from high school. According to the defendant, James stopped attending school approximately four weeks into the Fall 1995 semester. The magistrate finds this was after he was living on his own. The magistrate finds James entered Hocking College during the Spring 1996 semester. The magistrate finds that James is emancipated effective July 1, 1995, the summer of 1995, at the age of nineteen upon living separate and apart from the defendant.
Appellant contends that the trial court erred in terminating child support payments for James effective July 1, 1995, the date she moved out of the marital home and in with Evans, rather than on March 7, 1996, the date that appellee filed his motion to terminate. Appellant contends that the trial court abused its discretion in terminating appellee's child support obligation retroactive to a date prior to the filing of appellee's motion because a court can only make a support modification retroactive to the date on which the parties received notice of the petition for modification. Appellant also asserts that the trial court erred in determining that James was emancipated in July 1995 because he attended high school during the first four weeks of the Fall 1995 semester.
We find no error in the trial court's determination that James was emancipated as of July 1995. Emancipation has been defined as the freeing of a minor child from parental control. Dudziak v. Dudziak (1992),81 Ohio App.3d 361, 366, citing Price v. Price (1983), 12 Ohio App.3d 42, paragraph one of the syllabus. A determination of whether a child is emancipated depends upon the particular facts and circumstances of each case. Id. A definition of emancipation would necessarily include marriage, self-support and/or residence beyond the care and control of parents. Id.
Here, appellant's testimony established that James was employed and living on his own as of July 1995, when appellant moved in with Evans. Moreover, the agreed judgment entry provided that appellee would pay child support for James until the child graduates or otherwise becomes emancipated. (Emphasis added.) Thus, the fact that James attended four weeks of high school in Fall 1995, after he had otherwise become emancipated, did not require that appellee pay child support for that period of time.
Similarly, we find no error in the trial court's judgment terminating appellee's child support obligations effective July 1, 1995, rather than on March 7, 1996, when appellee filed his motion to terminate support. This issue was addressed in Hoffmann v. Hoffmann (1972),32 Ohio App.2d 186, where the court held that a support order could be retroactively modified where the child for whom the support was ordered had become emancipated or reached his majority. The court noted that law and reason support [the] conclusion that when a factual situation, in contemplation of which an order was made, ceases to exist, the legal obligation terminates at the same time and not when it is canceled of record. Id. at 190. Accordingly, the court held that emancipation of a child competent to support itself discharges a parent from an obligation for its support, and a parent is not required to support his or her child after that child's emancipation simply because no prompt effort was made to modify an order of court upon emancipation. Id. at 189-190.
Appellant's fourth assignment of error is therefore overruled.
 V. FIFTH ASSIGNMENT OF ERROR
Appellant's fifth assignment of error states:
 V. THE TRIAL COURT ERRED IN FINDING THAT MR. HALL WAS NOT IN CONTEMPT OF COURT FOR HIS FAILURE TO PAY SPOUSAL SUPPORT.
On March 10, 1997, appellant filed a motion to show cause regarding appellee's failure to pay spousal support beginning December 1996. At the hearing, appellee admitted that there was no court order eliminating his obligation to pay; he just chose not to [pay]. Appellee also admitted that his gross income in 1996 was over $200,000 and that he saved some of this income but he chose not to use any of his savings to pay spousal support in 1997. Despite this testimony, the trial court denied appellant's motion to show cause.
In her fifth assignment of error, appellant contends that the trial court erred in denying her motion to show cause. We disagree.
Civil * * * contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. Pugh v. Pugh (1984), 15 Ohio St.3d 136, 140. We have already determined that because appellant was cohabiting with Evans, appellee's spousal support obligation terminated on March 7, 1996, well before appellee stopped paying spousal support in December 1996. Accordingly, appellant did not sustain any losses occasioned by appellee's failure to pay spousal support nor was there any reason to enforce compliance with the spousal support order after March 1996. Therefore, the trial court did not err in denying appellant's motion to show cause.
Appellant's fifth assignment of error is overruled.
This cause is affirmed in part. reversed in part, and remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellee and appellant equally share the costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
KENNETH A. ROCCO, J. and COLLEEN CONWAY COONEY, J., CONCUR.
[1] We question the reasonableness of a nineteen-month delay between the last hearing and the issuance of the magistrate's decision. See Canon 3(B)(8) of the Code of Judicial Conduct.
[2] This two-step analysis does not, as argued by appellant, require the trial court to reexamine in toto the factors listed in R.C.3105.18(C)(1). See Kucmanic, supra.