Lundberg Stratton, J.,
dissenting.
{¶ 20} I respectfully dissent because I believe that a juvenile court lacks authority to award retroactive child support to a child who files after reaching the age of majority. There may be a strong emotional appeal to allowing the result fashioned by the majority today. However, these arguments are better directed to the General Assembly.
{¶ 21} R.C. 3111.05 provides only a statute of limitations for a parentage action. It states:
{¶ 22} “An action to determine the existence or nonexistence of the father and child relationship may not be brought later than five years after the child reaches the age of eighteen. Neither section 3111.04 of the Revised Code nor this section extends the time within which a right of inheritance or a right to a succession may be asserted beyond the time provided by Chapter 2105., 2107., 2113., 2117., or 2123. of the Revised Code.”
{¶ 23} An adult child may have various reasons to file a paternity action: to establish inheritance rights, to qualify for governmental benefits from the puta *634 tive parent, to explore medical history, etc. However, none of these reasons are related to the collection of child support.
{¶ 24} Had the General Assembly intended for an adult child to be able to file a parentage action for retroactive child support payments, it could clearly have done so. Rather, today this court does so by judicial decree, by applying the “in pari materia” doctrine. Yet that doctrine is clearly inapplicable here because the statutes the majority attempts to reconcile are actually in conflict.
{¶ 25} Juvenile courts are courts of limited jurisdiction and their powers are created by statute. R.C. 2151.23 defines that jurisdiction but refers only to a support order for a “child,” which is defined as “a person who is under eighteen years of age,” R.C. 2151.011(B)(5), while an adult is defined as “an individual who is eighteen years of age or older.” R.C. 2151.011(B)(2). R.C. 2151.23(B)(2) specifically authorizes the juvenile court to determine the paternity of a “child.” R.C. 3111.05 extends the statute of limitations to allow juvenile courts to determine paternity for persons beyond age 18 and up to age 23. However, R.C. 3111.05 does not mention extending the right to collect retroactive child support. The legislature clearly knew how to create child support extensions in certain situations, such as where a child, although 18, is still attending an accredited high school (R.C. 3103.03) or the child has been found to be an unruly child (R.C. 2151.011(B)(5)). However, neither R.C. 3111.13(C), 3111.13(F), nor any other division of that statute authorizes the juvenile court to order retroactive child support payments for a child who has reached the age of majority. The implicit reason for the lack of such a provision is that parents no longer have any duty to support a child once the child has reached the age of majority.
{¶ 26} The majority creates a category of an “adult emancipated child” to find jurisdiction. Precedent dictates the opposite conclusion. In Miller v. Miller (1951), 154 Ohio St. 530, 43 O.O. 496, 97 N.E.2d 213, we held that “[i]n a divorce action, where a child of the parties attains his majority, authority of the court over such child comes to an end, and the court is without power to provide for the support of or aid to such child or to continue a provision for his support. Thiessen v. Moore [1922], 105 Ohio St. 401, 137 N.E. 906, approved and followed.” Miller at paragraph two of the syllabus.
{¶ 27} But an adult emancipated child is one freed from parental control. Price v. Price (1983), 12 Ohio App.3d 42, 12 OBR 129, 465 N.E.2d 922, at paragraph one of the syllabus. “A definition of emancipation would necessarily include marriage, self-support and/or residence beyond the care and control of parents.” Hall v. Hall (Mar. 15, 2001), 8th Dist. No. 77804, 2001 WL 259210, citing Price. In this case, we are dealing with an adult. The juvenile court lacks jurisdiction over an adult.
*635 {¶ 28} In fact, R.C. 2105.26 clearly evidences an intent to prohibit the collection of child support if paternity is determined after the person reaches adulthood. The statute, which establishes paternity on behalf of a father’s application through the probate court, states in Division (C):
{¶ 29} “After issuance of an order under this section, the adult child shall be considered the child of the man declared to be the father as if born to him in lawful wedlock, except that the adult child and the adult child’s mother shall not be awarded child support from the man from the time the adult child was a minor.” (Emphasis added.)
{¶ 30} The majority fails to address this statute or its effect on R.C. 3111.05. One does not need to guess its intent — it is a clear prohibition. An adult cannot go back and collect child support not awarded while he or she- was still a minor. It is illogical for the legislature to flatly prohibit any collection of back child support in R.C. 2105.26 yet allow it in R.C. 3111.05 if the adult is not yet 23. These sections can be reconciled only by acknowledging that R.C. 3111.05 is only a statute of limitations, not a collection statute for any child no longer a minor.
{¶ 31} The practical application of today’s ruling is problematic. If a court orders retroactive child support, which party is entitled to payment? Is it the child or the person who cared for the child during minority? Is the government agency who provided public assistance during the child’s minority entitled to payment or subrogation rights? May an adult child seek back child support where the mother knew the identity of the father but did not initiate a paternity action? If so, do the mother’s actions violate the emancipated child’s rights? Today’s ruling may potentially obligate a parent to pay 18 years of child support when that parent never knew of the child’s existence and never had an opportunity to establish a parental relationship. These issues should be subjected to public debate as part of our legislative process. It is not a right to be judicially created.
{¶ 32} The opinions of the appellate courts in Snider v. Lillie (1997), 131 Ohio App.3d 444, 722 N.E.2d 1036, In re Livingston (1996), 115 Ohio App.3d 613, 685 N.E.2d 1285, and in this case are the better reasoned opinions, as they rely on the clear wording of R.C. 3111.05. The legislature has clearly stated in R.C. 2105.26(C) that such support cannot be collected. R.C. 3111.05 provides only a statute of limitations for establishing paternity. R.C. 3111.13 deals only with support orders for a “child.” There is nothing to interpret.
{¶ 33} For these reasons, I respectfully dissent and would affirm the judgment of the court of appeals and answer the certified question by holding that a court does not have subject-matter jurisdiction to award retroactive child' support payments in a paternity action initiated after the child has reached the age of majority. Therefore, I respectfully dissent.
O’Donnell, J., concurs in the foregoing dissenting opinion.